**Jane ONEY, Appellant,**

v.

**Dr. Charles Phillip PATTISON, Respondent.**

No. 69558.

Supreme Court of Missouri, En Banc.

March 15, 1988.

Rehearing Denied April 19, 1988.

---

Charles W. Gardner, Lee's Summit, for appellant.

Gardiner B. Davis, Kansas City, for respondent.

ROBERTSON, Judge.

Appellant appeals the trial court's dismissal of her cause of action for improper venue. The principal issue is whether Section 478.461, RSMo 1986, which divides venue in Jackson County between the eastern and western portions of the county, violates Mo. Const. art. III, § 40(3), which prohibits the passage of special or local laws "changing the venue in civil or criminal cases." Because a question relating to the constitutionality of a statute is presented, we have original appellate jurisdiction. Mo. Const. art. V, § 3. The judgment of the trial court is affirmed.

## I.

Jane Oney sued Dr. Charles Pattison and the Sisters of St. Mary alleging acts of medical malpractice. Pattison is a Kansas resident; the alleged acts of malpractice took place in western Jackson County, at least as "western" is defined by Section 478.461(1). Oney filed her initial petition on December 7, 1983, in the Circuit Court of Jackson County in Independence, but dismissed the original petition without prejudice on February 21, 1986. Thereafter, on February 3, 1987, she filed a new petition, again in Independence and again naming The Sisters of St. Mary and Pattison as defendants. Pattison agreed to waive formal service of the new petition. After accepting service, Pattison filed his motion to dismiss for improper venue, on March 13, 1987, relying on Section 478.461, which took effect January 2, 1986. On March 27, 1987, Oney voluntarily dismissed her cause

of action against the Sisters of St. Mary. On May 19, 1987, the trial court sustained Pattison's motion to dismiss on the basis of improper venue. This appeal followed.

## II.

Initially, we dispose of Oney's claim that Pattison's voluntary acceptance of service constituted a waiver of his venue challenge. Oney cites no case to support her proposition, noting only the well-accepted rule that improper venue may be waived. *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 828 (Mo. banc 1979).

■ A voluntary dismissal without prejudice terminates the cause of action; it is as if the suit had never been filed. *Samland v. J. White Transportation Co., Inc.,* 675 S.W.2d 92, 96 (Mo.App.1984). A subsequent action filed on the basis of the same facts is a new lawsuit. Voluntary acceptance of service of a new suit does not constitute a waiver of a claim of improper venue. A waiver of venue may be accomplished either expressly or implied by the filing of a general answer which does not raise an objection to venue. Rule 55.27. *Bizzell v. Kobner Development Corp.,* 700 S.W.2d 819, 822 (Mo. banc 1985).

In this case, the first response filed by Pattison was a motion to dismiss for improper venue authorized under Rule 55.27. Oney's argument, if accepted, would obviate Rule 55.27 and found determinations of questions relating to venue waiver on the manner in which service is obtained on a defendant; it would also further a policy of discouraging defendants from waiving formal service in every circumstance, a practice which contributes to the efficient resolution of disputes. Issues relating to venue waiver cannot be based on the slender reed of sheriff's service. Nor will this Court adopt a policy which erects obstacles to the efficient resolution of disputes. The point is denied.

## III.

■ Mo. Const. art. III, § 40 provides in pertinent part: "The general assembly shall not pass any local or special law: ... (3) changing the venue in civil or criminal cases." The constitutional prohibition contains two elements: (1) there may be no special or local law which (2) changes the venue in criminal or civil cases.

We assume, *arguendo,* that Section 478.-461 renders a change in civil venue. The critical question, then, is whether Section 478.461 is a special or local law.

Oney argues that Section 478.461 is "obviously" a local or special law because "the statute refers to Jackson County and to streets and so on within the county." The argument misses the mark. In *Stowell Electric Co. v. Blue Valley Foundry Co.,* 467 S.W.2d 955 (Mo.1971), this Court determined that Section 478.483, RSMo 1986, which requires mechanic's liens and suits for enforcement upon real estate located in Kaw Township be filed with the office of the Clerk of the Circuit Court of Jackson County in Kansas City, not Independence, did not violate Mo. Const. art. III, § 40(3). The Court said:

> Whether an act of the legislature be a local or general law "must be determined by the generality with which it affects the people as a whole rather than by the extent of the territory over which it operates; and if it affects equally all persons who come within its range, it can be neither special nor local, within the meaning of the Constitution." *State ex rel. Judah v. Fort,* [210 Mo. 512, 109 S.W. 737,] 741 [(banc 1908)].

The rule announced in *Fort* and followed in *Stowell Electric* decides this case. Section 478.461 affects equally all persons who come within its range. Section 478.461 is, therefore, neither a local or special law. Oney's constitutional point is denied.

## IV.

Oney contends that venue is proper under Section 508.040, RSMo 1986, in "eastern" Jackson County because Pattison is a nonresident and the Sisters of St. Mary maintain an office there for the transaction of its usual and customary business. According to the record, the Sisters of St. Mary maintain their registered office in the City of St. Louis, not in Jackson County.

In *Dick Proctor Imports, Inc. v. Gaertner,* 671 S.W.2d 273, 274-5 (Mo. banc 1984), this Court said, "[W]hen one or more corporations are sued along with one or more individuals, the general venue statute, section 508.010, RSMo 1978, is applicable. Under this statute, the county of residence of a corporation is the county in which it maintains its registered office." Proctor rules the point; it is denied.

### V.

Oney next argues that because Pattison is a nonresident and she voluntarily dismissed the Sisters of St. Mary, the general venue statute, section 508.010(4), RSMo 1986, establishes venue in any county in the state. In response, Pattison cites cases which espouse the tenet that where venue is improper, a court lacks jurisdiction over the defendants named in the action.

This Court has previously recognized that "Missouri case law has provided a unique melding of venue and jurisdiction...." *Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85, 88 (Mo. banc 1983). "Venue", of course, means the place where a case is to be tried. "Jurisdiction" speaks to the power of the court to hear and determine a case. Nonetheless, this melding has resulted in a rule which requires dismissal of an action where venue is improper. A long line of cases so hold. *Yates v. Casteel,* 49 S.W.2d 68, 69 (Mo.1932); *State ex rel. Bartlett v. Queen,* 238 S.W.2d 393, 395 (Mo. banc 1951); *State ex rel. Boll v. Weinstein,* 295 S.W.2d 62, 66 (Mo. banc 1956); *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105, 106 (Mo. banc 1983); *State ex rel. Coca-Cola Bottling Co. of Mid-America v. Gaertner,* 681 S.W.2d 445, 448 (Mo. banc 1984).

The source of this melding is uncertain. One commentator has traced it to "the careless equation of 'jurisdiction' with 'venue' in early cases", citing as an example *Lindell Real Estate Co. v. Lindell,* 133 Mo. 386, 33 S.W. 466 (1895). Tuchler, "Discretionary Interlocutory Review in Missouri: Judicial Abuse of the Writ?" 40 Mo.

L.Rev. 577, 600 (1975). While Lindell and similar cases may have contributed to the melding, a close reading of Yates finds that this Court reached its conclusions there by reading the general venue statute together with statutes relating to the service of process.

In Yates, the plaintiff filed a petition in Jasper County alleging breach of contract. Defendant was served in the City of St. Louis. The defendant appeared specially in Jasper County challenging the authority of the Jasper County clerk to issue a summons directed to the sheriff "of any county", and claiming that service by the sheriff of St. Louis City was both improper and did not give the court in Jasper County jurisdiction over his person.

The Yates court characterized the issue before it as "whether, in an action ... in personam, 'instituted by summons' [Section 508.010] against a sole defendant, the court acquires jurisdiction of the person of defendant by service of summons upon him in a county other than the county of venue." Id. at 69. In affirming the judgment of the circuit court quashing the service, the Court stated, "We find no statutory provision authorizing the issuance of summons to, and service of same in, a county other than that of the venue...." Id. at 70.[1]

From *Yates,* we proceed to *Hankins v. Smarr,* 137 S.W.2d 499, 500 (Mo.1940), in which this Court said "Reading [the service of process] statutes and the venue statute together, do they not mean that it is essential to jurisdiction, to enter a personal judgment, for service of summons to be had upon a defendant ... in the county ... in which the suit is begun? This court has expressly so held in Yates...." And in *State ex rel. Bartlett v. McQueen,* 238 S.W.2d 393, 395 (Mo. banc 1951), the Court held that "[p]roper venue is necessary, before service of process will confer jurisdiction over the person of the defendant." As recently as *State ex rel. Coca Cola Bottling Co. of Mid-America v. Gaertner,* 681 S.W.2d 445, 448 (Mo. banc 1984), this Court, in a decision entirely consistent with

---

1. The issue presented in Yates is now controlled by Section 506.170, RSMo 1986, which permits the service of process any where within the territorial limits of the state.

*Yates,* made absolute its writ of prohibition, holding that "[b]ecause venue was improper, the court acquired no jurisdiction over relator and was powerless to proceed."

The rationale for the Court's holdings has not been fully explicated in the cases. It appears to proceed as follows: Section 506.110, RSMo 1986, authorizes the institution of suits only in "the proper court". "Proper" is a word of limitation meaning "marked by rightness, correctness, or rectitude as: (a) strictly accurate: precisely applicable or pertinent: entirely in accordance with authority ... correct." Webster's Third New International Dictionary 1818 (1965).

 A court is "proper" within the meaning of the service of process statutes only to the extent it possesses both subject matter jurisdiction over a cause of action *and* is the appropriate venue site. Personal jurisdiction, which follows from proper service of process on a defendant, is therefore dependent upon the court which issues the summons having authority to do so, ab initio, under the statute. A summons served on a defendant as the result of an action filed in a court in which venue is improper provides no jurisdiction over the defendant, because the court has no authority under the statute to issue the summons.

The statutorily implied requirement that actions be dismissed for improper venue may be unduly harsh, may result—as in this case—in injustice, and may create unnecessary impediments to the expeditious and orderly resolution of controversies on the merits. The conclusion reached by the Court in Yates and followed in subsequent cases is nevertheless compelled by the clear language of the statute, the relevant language of which has remained unaltered since 1909. Section 1751, RSMo 1909. Until such time as the legislature chooses to alter the language of Section 506.110, the ability of trial courts to transfer actions filed in the wrong venue to a proper venue in the interest of justice cannot be judicially imposed.

The fact that Oney dismissed her cause of action against the Sisters of St. Mary does not subsequently give the circuit court jurisdiction over Pattison. Oney filed her action in the improper venue; the service accepted by Pattison issued from a court which had no authority to issue such summons. It was not a "proper" court within the meaning of Section 506.110. The point is denied.

## VI.

Pattison challenged the propriety of venue at the first available opportunity; the trial court correctly determined that venue was not proper in Independence pursuant to Section 478.461. Venue being improper, the court acquired no jurisdiction over Pattison. The judgment of the trial court dismissing appellant's cause of action is affirmed.

BILLINGS, C.J., and BLACKMAR, WELLIVER, RENDLEN and HIGGINS, JJ., concur.

DONNELLY, J., concurs in result.