**STATE ex rel. EDU–DYNE SYSTEMS, INC., d/b/a Dickinson Business College, Relator,**

v.

**Honorable Robert TROUT, Judge of the Circuit Court of Jackson County, Respondent.**

No. 71720.

Supreme Court of Missouri, En Banc.

Dec. 12, 1989.

Michael W. Manners, Independence, for relator.

W. Stephen Nixon, Independence, for respondent.

HIGGINS, Judge.

Relator seeks to prohibit Judge Trout from transferring its cause of action from one portion of the Sixteenth Judicial Circuit to another. The preliminary writ in prohibition is made absolute.

On February 10, 1989, Edu–Dyne Systems, Inc., filed suit against Rosemarie Kinney in the Sixteenth Judicial Circuit at the Jackson County Courthouse in Independence, the eastern portion of the circuit. Kinney was a resident of the western portion of Jackson County at the time the suit was filed. Edu–Dyne sought recovery for breach of a contract entered into and alleg-edly breached in the western portion of the circuit.

Although defendant Kinney defaulted, Judge Trout announced his intention, *sua sponte*, on the return date of the summons, to transfer Edu–Dyne's cause to the western portion of the circuit. Judge Trout relies on *Oney v. Pattison*, 747 S.W.2d 137 (Mo. banc 1988), arguing its rule is unchanged by section 478.462, RSMo.

Section 478.461, RSMo, provides the law of venue in Jackson County, Missouri, the Sixteenth Judicial Circuit, and establishes geographical boundaries dividing the Sixteenth Circuit into eastern and western portions. It is undisputed that section 478.-461.2(2) RSMo, in conjunction with section 508.010, RSMo, provides that venue for this case is in the western portion of the Sixteenth Circuit.

The question is whether Judge Trout will exceed his jurisdiction if he transfers the underlying action, *sua sponte*, to the western portion of the Sixteenth Circuit.

Section 478.461.2(4), RSMo, permits the presiding judge to transfer cases between different portions of the Sixteenth Circuit if the parties agree to the transfer or if the presiding judge determines there is an imbalance in work load between the two portions. Neither was a reason for transfer in this case.

In *Oney*, a plaintiff filed suit in the eastern portion of the circuit against two defendants. One was a hospital located in the western portion and one a nonresident doctor. The doctor filed a motion to dismiss because there was no basis for venue in the eastern portion of the circuit. Plaintiff voluntarily dismissed her cause as to the hospital, arguing that venue became proper as to the doctor because a nonresident can be sued in any county in the state. § 508.010(4), RSMo. The trial court sustained the doctor's motion to dismiss. Plaintiff appealed and contended that venue was proper in the eastern portion of the circuit because the doctor was a nonresident. This Court held a "court is 'proper' within the meaning of the service of process statutes only to the extent it possesses both subject matter jurisdiction over a

cause of action *and* is the appropriate venue site." *Oney*, 747 S.W.2d at 141. Because venue was not proper when the suit was filed, this Court held the circuit court never acquired jurisdiction.

Immediately after the *Oney* decision, the General Assembly passed Senate Bill No. 522 (L.1988), codified as section 478.462, RSMo. Section 478.462 provides that when a defendant challenges venue on the ground that the cause was filed in the wrong portion of the circuit, the cause will be transferred, rather than dismissed, to the proper portion of the circuit. Section 478.462 also addresses *Oney's* holding that venue is jurisdictional because of section 506.110. Section 478.462 provides that, notwithstanding section 506.110, suit may be instituted in either portion of the circuit and such filing is not subject to dismissal because venue is improper.

Respondent argues that if he is not permitted to transfer the cause to the western portion of Jackson County, forum shopping will be permitted. To the contrary, if a case is filed in the wrong portion of Jackson County only a party-defendant has the authority to challenge the venue and have the case transferred to the proper portion of the Sixteenth Circuit.

■ Respondent argues that the word "shall" in section 478.462 requires him to transfer a cause to the proper venue within Jackson County when it appears:

1) there has been a challenge of improper venue; or

2) there is improper territorial jurisdiction pursuant to section 478.461.

This argument ignores the plain import of the statute. Section 478.462 states a judge in the Sixteenth Judicial Circuit "shall" transfer cases filed in the wrong portion of the circuit, but that duty is limited to instances where there is a "challenge of improper venue or of improper jurisdiction pursuant to section 478.461 . . . ." No power to transfer a case *sua sponte* is provided, thus any attempt by Judge Trout to transfer the cause *sua sponte* will exceed his jurisdiction.

Respondent asserts the enactment of 478.462 provides a remedy to the type of injustice that occurred in *Oney* by making it permissible to file papers at either courthouse. After papers are filed in the improper venue, further proceedings can be held in the case after it is transferred to the proper venue as determined by sections 478.461 and 508.010. Thus, respondent argues the dismissal in *Oney* is avoided, and there is no legislative purpose to overrule *Oney*.

The rule of *Oney* is altered by section 478.462. *Oney* required suit in this case to be initiated by filing in the western portion of the circuit, where venue was mandated by section 478.461. The failure of plaintiff in *Oney* to file suit in the portion of the circuit required by section 478.461 deprived the circuit court of jurisdiction.

■ Section 478.462 provides, notwithstanding sections 478.461 and 506.110, that actions in the Sixteenth Circuit may be instituted by filing necessary papers in either portion of the county, and a defendant may challenge venue or jurisdiction if improper. Thus, venue has ceased to be jurisdictional under the express authorization of section 478.462 for the institution of actions in either portion of the circuit, thereby carving out an exception to section 506.110.

■ The General Assembly is presumed familiar with the construction placed upon the original act, and the new statute must be construed in the light of the problem it seeks to remedy and of the usages, circumstances, and conditions existing at the time the change was made. *Darrah v. Foster*, 355 S.W.2d 24, 31 (Mo.1962). Thus, in enacting a new statute on the same subject as that of an existing statute, it is ordinarily the intent of the legislature to effect some change in the existing law. *Kilbane v. Director of Department of Revenue*, 544 S.W.2d 9, 11 (Mo. banc 1976). "If this were not so the legislature would be accomplishing nothing, and legislatures are not presumed to have intended a useless act." *Id.* The express exclusion of Jackson County venue determinations from the effect of section 506.110 means that intracircuit ven-

ue is no longer jurisdictional within Jackson County.

The preliminary writ in prohibition is made absolute.

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON, and BILLINGS, JJ., and NUGENT, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when case was submitted.