STATE of Missouri, Respondent,

v.

Michael Gayle GILLEY, Appellant.

No. 72176.

Supreme Court of Missouri,
En Banc.

March 13, 1990.
Rehearing Denied April 17, 1990.

F. Randall Waltz, III, Jefferson City, for appellant.

Richard G. Callahan, Pros. Atty., Mark A. Richardson, Asst. Pros. Atty., Jefferson City, for respondent.

COVINGTON, Judge.

Michael Gayle Gilley timely filed a joint application for change of judge and change of venue in the Circuit Court of Cole County after the state charged him with driving while intoxicated, § 577.010, RSMo 1986, and driving while license was revoked, § 302.321, RSMo 1986.[1] The trial court sentenced Gilley to six months on each count with the sentences to be served concurrently. Gilley commenced an appeal in the Missouri Court of Appeals, Western District, from which the case was transferred to this Court, prior to opinion, on the basis of constitutional challenges to § 508.355. The judgment is affirmed.

In counties with populations of 75,000 or fewer inhabitants, defendants are entitled to a change of venue upon the filing of written application. *Rule 32.03*. These de-

fendants need not allege or prove any reason for the change. *Id.* Section 508.355 provides an exception to *Rule 32.03*: a defendant with a case filed in a county with department of corrections and human resources facilities with a total average yearly inmate population in excess of two thousand persons shall show, to obtain a change of venue, either that the inhabitants of the county are prejudiced against him or that the state has an undue influence over the inhabitants of the county. § 508.355.2. Although not mentioned in § 508.355, Cole County, having a general population of fewer than seventy-five thousand, is presently the only county in Missouri with a total average yearly inmate population in excess of two thousand persons.

Appellant acknowledges that a rational basis exists for preventing dangerous inmates from taking "excursions" about the state on changes of venue. He claims, however, that the legislature has singled out non-inmate defendants in Cole County for treatment different from non-inmate defendants in other Missouri counties having populations of seventy-five thousand or fewer. Appellant contends that § 508.355 is a "special law" in violation of Mo. Const. art. III, § 40(3) and (4) and Mo. Const. art. VI, § 8. He also proffers equal protection and due process challenges and asserts that the statute constitutes a legislative infringement upon the province of the judiciary in violation of the separation of powers doctrine found in Mo. Const. art. II, § 1.

■ Appellant's challenges fail. Appellant has preserved for review only his attack on § 508.355 as a special law, and with respect to that challenge, appellant has not carried his burden. Prior to trial appellant filed a motion for change of judge and venue. The case was reassigned by the presiding judge to the Honorable Thomas J. Brown. Appellant then filed a motion to disqualify Judge Brown. On April 3, 1989, Judge Brown denied appellant's motion to disqualify Judge Brown and denied appel-

1. All statutory references are to RSMo 1986 unless otherwise indicated.

lant's request for change of venue. The transcript reveals that on April 17, 1989, prior to trial, appellant renewed his motion for change of judge and change of venue. As to change of venue, appellant alleged only the unconstitutionality of § 508.355 on the basis that the statute constitutes special legislation adopted by the general assembly "in violation of Section 40(3) and 40(4) of Article III of the constitution, with the suspect classification making Cole County just one county of those that are under 75,000 treated different [sic] than other counties under 75,000."

■ This Court has more than once noted that one who assails the classification in an allegedly special law must carry the burden of showing that the classification does not rest upon any reasonable basis, but is essentially arbitrary. *State ex rel. Public Defender Comm'n v. County Court of Greene County*, 667 S.W.2d 409, 412 (Mo. banc 1984), *citing, State ex inf. Barrett v. Hedrick*, 294 Mo. 21, 40–41, 241 S.W. 402, 407 (banc 1922). Appellant made no showing before the trial court regarding the unreasonableness of the classification, nor did he attempt to do so. His sole assertion on the subject is set forth in the paragraph above. The trial court's judgment upholding the statute's constitutionality is justified simply on the basis of appellant's failure to make a *prima facie* showing. *Id.*

■ Even under *ex gratia* review, appellant's challenge fails. A statute is invalid as a special law if members of a stated class, whose relationship to the subject-matter cannot by reason be distinguished from that of those included, are omitted from the statute's coverage. *State ex rel. Bunker Resource Recycling and Reclamation, Inc. v. G. Tracy Mehan, III, Director, Missouri Department of Natural Resources, and the Missouri Department of Natural Resources*, 782 S.W.2d 381 at 385 (Mo. banc 1990), *citing, State ex rel. Public Defender Comm'n v. County Court of Greene County*, 667 S.W.2d at 412. A law is not special in the constitutional sense if it applies alike to all of a given class, provided the classification thus

made is not arbitrary or without a reasonable basis. *Marshall v. Kansas City*, 355 S.W.2d 877, 884 (Mo. banc 1962). Whether an act of the legislature is a local or general law must be determined by the generality with which it affects the people as a whole, and if it affects equally all persons who come within its range, it is neither special nor local, within the meaning of the Constitution. *Oney v. Pattison*, 747 S.W.2d 137, 139 (Mo. banc 1988), *citing, State ex rel. Judah v. Fort*, 210 Mo. 512, 532, 109 S.W. 737, 741 (banc 1908). Even a facially special statute may survive constitutional challenge if it is determined that some characteristic of the excluded item provides a reasonable basis for excluding it, considering the purpose of the enactment. *State ex rel. Public Defender Comm'n v. County Court of Greene County*, 667 S.W.2d at 412.

■ The question then becomes one of whether the statute applies alike to all of a given class and whether the classification as made is not arbitrary or without a reasonable basis. *Marshall v. Kansas City*, 355 S.W.2d at 884. Section 508.355 applies to all non-inmate defendants within Cole County. Although presently only Cole County meets the requirements of this statute, there remains the possibility that other counties may eventually do so. *See, Bopp v. Spainhower*, 519 S.W.2d 281, 285 (Mo. banc 1975). The statute is neither arbitrary nor capricious in its effect on appellant. In support of a finding of rational basis, the state cites the problems inherent in transporting inmates to other counties to stand trial. To permit a change of venue for all who request it in Cole County would result in costly waste of time, as well as possibly insufficient facilities and law enforcement officers to protect inmates and witnesses during trial in other counties. Further, many trials include prison inmates and officials as witnesses, resulting in additional costs to the state as a result of employees being sent with inmates for security purposes and employees being called to testify as witnesses. The state concludes that these substantial burdens on the state serve as a rational basis for the

legislative enactment of § 508.355. The Court agrees. Section 508.355 is, therefore, neither a local nor special law.

The judgment of the trial court is affirmed.

All concur.