788 S.W.2d 342 (1990)
STATE of Missouri ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Relator,
v.
The Honorable David J. HEDSPETH, Associate Circuit Judge of the Circuit Court of Carter County, Missouri, Respondent.
No. 16681.
Missouri Court of Appeals, Southern District, Division One.
April 19, 1990.
*343 Rich Tiemeyer, Chief Counsel, Kelly-Ann B. Radetic, Asst. Counsel, Missouri Highway and Transp. Com'n, for relator.
David J. Hedspeth, pro se.

ORIGINAL PROCEEDING IN PROHIBITION
CROW, Presiding Judge.
PRELIMINARY ORDER MADE ABSOLUTE
This original proceeding in prohibition arises from an action in the Associate Division of the Circuit Court of Carter County wherein Bill Helm sued the "Missouri Highway Commission" for damage to Helm's truck, trailer and cargo. Helm averred the damage resulted from the negligence of the Commission's employees in pulling Helm's truck and trailer by means of a chain attached to a road grader after Helm's truck and trailer had become stuck on a road the Commission was blacktopping in Carter County. According to Helm's petition, his truck and trailer overturned.
A summons was issued to John C. Cozad, Chairman of the Commission, and sent to the Sheriff of Jackson County for service on the Chairman at an address in Kansas City. The Chairman was evidently served, although the place and date are not shown.
The Commission filed a motion to dismiss asserting two grounds. The first was that because of § 226.100, RSMo 1986,[1] venue of Helm's action was "limited to Cole County." The second was that service of the summons was defective in that it was served on the Chairman instead of the Secretary of the Commission as provided by § 226.100.[2]
The motion to dismiss was heard by respondent, an Associate Circuit Judge of the Circuit Court of Carter County before whom the case is pending. Respondent overruled the motion.
The Commission promptly commenced the instant prohibition proceeding in this Court seeking a writ barring respondent from taking any further action in the Helm case except to dismiss it. We issued a preliminary order in prohibition fixing a deadline for respondent to answer. Respondent filed a timely answer and the parties have now filed briefs.
The venue question is resolved by State ex rel. Missouri Highway and Transportation Commission v. Patterson, 731 S.W.2d 461 (Mo.App.1987). There a plaintiff sued the Commission in Jefferson County for injuries sustained in an accident on a highway in that county. The Commission was the only defendant. The Eastern District of this Court, relying on State ex rel. State Highway Commission v. Bates, *344 317 Mo. 696, 296 S.W. 418 (banc 1927), and State ex rel. State Highway Commission v. Billings, 123 S.W.2d 170 (Mo.1938), held that the venue for the plaintiff's action lay in Cole County, not Jefferson County.
Indistinguishable circumstances exist in the Helm case. It is a tort action against the Commission, which is the sole defendant. Consequently, venue is in Cole County, not Carter County.
Lack of venue is a defect which authorizes issuance of prohibition. State ex rel. Allen v. Barker, 581 S.W.2d 818, 824[3] (Mo. banc 1979). Even so, determining the extent of the relief to which the Commission is entitled is no perfunctory task.
In Patterson, 731 S.W.2d at 463, the Eastern District of this Court made its preliminary writ permanent and directed the judge in Jefferson County to dismiss the underlying case. The Commission asserts we should issue a like writ to respondent in the Helm case.
Respondent maintains that if we determine venue of the Helm case is not in Carter County we should not command him to dismiss it, but instead to transfer it to the circuit court of the county where venue lies. Respondent cites § 476.410, RSMo Cum.Supp.1989, which provides:
"The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought."
In Oney v. Pattison, 747 S.W.2d 137, 140 (Mo. banc 1988), the Supreme Court of Missouri declared that a long line of cases had established a rule which requires dismissal of an action where venue is improper. The opinion in Oney traced the development of the rule, noting that it appeared to be based on § 506.110, RSMo 1986, a statute that had remained unaltered since appearing as § 1756, RSMo 1909, and which authorized the institution of suits in "the proper court." 747 S.W.2d at 141. The reasoning was that a court is "proper" only to the extent that, among other things, it is the appropriate venue site. Id. Consequently, personal jurisdictionwhich is acquired by proper service of process on a defendantis dependent upon the court which issues the summons having authority to do so, ab initio, under the statute. Id. A summons served on a defendant as the result of an action filed in a court in which venue is improper provides no jurisdiction over the defendant inasmuch as the court has no authority under the statute to issue the summons. Id.
Oney acknowledged that dismissal for improper venue may be unduly harsh and may impede the expeditious and orderly resolution of controversies on the merits. Id. However, said the opinion:
"Until such time as the legislature chooses to alter the language of Section 506.110, the ability of trial courts to transfer actions filed in the wrong venue to a proper venue in the interest of justice cannot be judicially imposed." Id. at 141.
Oney affirmed a trial court order dismissing a cause of action for improper venue. Id. at 141.
Section 476.410, RSMo Cum.Supp.1989, quoted earlier, was enacted in 1989, the year after Oney. Laws of Missouri 1989, C.C.S.H.C.S.S.C.S.S.B. 127, 72, 161, 171, 275 and 120, pp. 1049-70. That legislation also amended § 506.110, RSMo 1986, by deleting the adjective "proper."
It thus appears that the General Assembly undertook to accept Oney's invitation to enact legislation enabling a circuit court to transfer an action in which venue is improper to a circuit court where the action could have properly been brought. Accordingly, we hold that respondent should not be commanded to dismiss the Helm case because venue is improper, but instead should be barred from taking any further action in the case except to transfer it to the Circuit Court of Cole County, the court where it could have been brought.
The Commission, however, argues that respondent should be directed to dismiss the Helm case because the Circuit Court of *345 Carter County lacks jurisdiction over the Commission in that summons was served on the Chairman instead of the Secretary.
The proper order for a trial court to make if it finds service of process is improper is an order quashing the service. State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo. banc 1982); State ex rel. Caine v. Richardson, 600 S.W.2d 82, 83 (Mo.App.1980). Consequently, even if service of summons on the Chairman in the Helm case was improper, the Commission's remedy in the Circuit Court of Carter County was an order quashing service, not dismissal of the case. The Commission, however, did not move respondent for an order quashing service. If the Commission desires such relief once the case is transferred to the Circuit Court of Cole County, the Commission may file the appropriate motion in that Court. We need not, in this opinion, comment on whether such relief should be granted.
Our preliminary order in prohibition is made absolute. Respondent is directed to take no further action in the Helm case except that respondent shall forthwith transfer it to the Circuit Court of Cole County in accordance with § 476.410, RSMo Cum.Supp.1989.
PREWITT and PARRISH, JJ., concur.
NOTES
[1] Section 226.100, RSMo 1986, provides: "The principal office of the commission shall be in the City of Jefferson, Missouri.... The commission may ... be sued in its official name, and for the purpose of suit and other legal proceedings, service may be had on the secretary...."
[2] Footnote 1, supra.