**BRACKETT, Michael D., Respondent,**

v.

**LANEY, Winfield M., Jr., Appellant.**

No. 68799.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1996.

---

Morton K. Lange, Kirkwood, for appellant.

V. Jack Muehlenkamp, Dellwood, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Winfield D. Laney, appeals the judgment of the Circuit Court of the County of St. Louis denying his motion to set aside the default judgment entered against him and in favor of respondent, Michael B. Brackett. We affirm.

In late 1991 or early 1992, Brackett (hereinafter "plaintiff") filed a petition in St. Louis County Circuit Court for damages sustained when Laney (hereinafter "defendant") allegedly struck plaintiff's car while traveling on Highway 141 in Jefferson County. Plaintiff's petition alleged defendant was a resident of St. Louis County. However, two attempts to serve summons upon defendant at a St. Louis County address proved futile. A third summons was issued by the St. Louis County Circuit Court and directed to the Sheriff of Crawford County. The Sheriff served the summons on defendant at an address in Cuba, Missouri, which was his residence at that time.

Defendant did not respond to plaintiff's petition, nor did he at any time enter an appearance. The St. Louis County Circuit Court entered a default judgment against defendant on November 4, 1992. Defendant again took no action in response to the judgment until May 24, 1995, at which time he sought to have the default judgment set aside on the grounds the trial court was not the proper venue and, therefore, lacked personal jurisdiction over defendant as a Crawford County resident. The trial court denied this motion. Defendant appeals to this court.

Defendant contends St. Louis County was an improper venue. Venue is governed by RSMo § 508.010 (1994), which states suit initiated by summons can be brought, "[w]hen the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found...."[1] Here, plaintiff was a resident of Jefferson County, and defendant was a resident of Crawford County, not St. Louis County as alleged in plaintiff's petition. Therefore, defendant concludes, as St. Louis County was an improper venue, the court could not issue a valid summons to him and could not obtain personal jurisdiction over him, thus rendering the default judgment void *ab initio*. While this is a correct recitation of the law in Missouri as it once existed, it inaccurately reflects the status of the law which governed the default judgment at issue here.

In *Oney v. Pattison*, 747 S.W.2d 137, 140 (Mo.banc 1988), this state's Supreme Court examined the history of venue and jurisdiction in Missouri law, noting Missouri's "unique melding" of the two. This "melding" was traced back to the Court's reading of the general venue statute together with statutes concerning service of process. *See Yates v. Casteel*, 49 S.W.2d 68, 69 (Mo.1932). The construction given these statutes by the Court resulted in a rule that proper venue was necessary in order to obtain valid service of and, thus, personal jurisdiction over a defendant. *Oney*, 747 S.W.2d at 140 (citing *State v. McQueen*, 238 S.W.2d 393, 395 (Mo. banc 1951)).

In its discussion, the Court took particular notice of the language of RSMo 506.110(1) (1986), which "authorized the institution of suits only in 'the proper court,'" as preventing courts of improper venue from obtaining personal jurisdiction over defendants. *Oney*, 747 S.W.2d at 141. The Court stated this language "compelled" the conclusions

---

1. The language of the current statute was in effect at the time of the underlying lawsuit.

reached by it in its prior opinions. *Id.* The court then expressly opened the door for the legislature to amend the statute, and to thereby negate the "unduly harsh" result required by the provision's wording. *Id.*

The legislature amended the statute the following year, in 1989. The amended statute removed the word "proper" from the provision so as to allow the filing of a petition "in the office of the clerk of *the court* ...." RSMo § 506.110(1) (emphasis ours). In light of the analysis in *Oney*, it is clear the legislature intended to abrogate, and did abrogate, the requirement that a petition be filed in a court of proper venue before the court could effect valid service on a defendant and thereby obtain personal jurisdiction over him or her. This change in the law was highlighted in *State ex rel DePaul Health Ctr. v. Mummert*, 870 S.W.2d 820 (Mo.banc 1994). In *Mummert*, the Court articulated the change that had occurred in the law since the General Assembly removed the word "proper" from § 506.110(1), stating valid summons can issue from a court of improper venue resulting in that court's jurisdiction over a defendant. *Id.* at 822.[2] It further overruled its prior line of cases to the extent they held otherwise. *Id.*

In the instant case, plaintiff's petition was filed in either 1991 or 1992, clearly after the legislature abolished the requirement that venue be proper before personal jurisdiction could exist. Therefore, although St. Louis County was an improper venue, its third service of summons on defendant was a valid means of obtaining personal jurisdiction over him. As the St. Louis County Circuit Court did have both subject matter and personal jurisdiction over defendant, the judgment entered by it was not void *ab initio* as defendant argues. *Contra, Roberts v. Johnson*, 836 S.W.2d 522, 524 (Mo.App.S.D.1992) (judgment entered *without* personal jurisdiction over defendant is void from inception).

Defendant further contends the trial court was required to transfer the case to a court of proper venue according to RSMo § 476.410 (1994). The Missouri legislature adopted this provision at the same time it amended RSMo § 506.110(1). Section 476.410 authorizes a court of improper venue to transfer a case to a circuit court where venue is proper instead of dismissing the claim as was previously required by the law. Here, however, defendant did not challenge venue. *See State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 59 (Mo.banc 1993) (trial court must transfer case to proper venue upon motion by party).

Rule 74.05(d) allows a motion to set aside a default judgment to be filed within a reasonable time not to exceed one year after the judgment's entry. Here, defendant filed his motion to set aside the default judgment two and one-half years after it was entered. Further, Rule 74.06 allows a party to file a motion, upon such terms as are just and within a reasonable time, for relief from judgment where the judgment is void. This rule has been found to apply where the judgment is voidable as opposed to void from its inception. *See, Houston*, 864 S.W.2d at 430. Defendant's motion for relief relies solely on the theory that the rendering court lacked personal jurisdiction over him; defendant offers no explanation as to why he did not respond to the initial petition or as to what caused his delay in seeking to set aside the judgment. He does not dispute that he had actual notice of the suit in that he received the summons served on him in Crawford County. Therefore, as defendant has offered no reason to account for his extreme delay in responding to the judgment, we find defendant did not file his motion to set aside the judgment within a reasonable time as required by Rule 74.06(c).

Based on the foregoing, the judgment of the trial court is affirmed.

SMITH, P.J. and RHODES RUSSELL, J., concur.

---

**2.** This court recognizes several cases handed down after the 1989 statutory amendment apply the former "venue is jurisdictional" approach. *See, e.g., State ex rel. Houston v. Malen*, 864 S.W.2d 427, 430 (Mo.App.S.D.1993); *Kueper v. Murphy Distributing*, 834 S.W.2d 875, 879 (Mo. App.E.D.1992). We decline to follow these cases, however, as they do not address the change made to RSMo § 506.110(1) and were decided without the benefit of *Mummert*.