(b) Neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or
(c) The evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial; and
(4) Identity was an issue in the trial; and
(5) A reasonable probability exists that the movant would not have been convicted if exculpatory results had been obtained through the requested DNA testing.
Section 547.035.4 provides that the prosecutor will be ordered to show cause as to why the motion should not be granted, unless it appears from the motion that a movant is not entitled to relief or the court determines the file and records of the case conclusively show that a movant is not entitled to relief. "If the court finds that the motion and the files and records of the case conclusively show that the movant is not entitled to relief, a hearing shall not be held." § 547.035.6. Whether or not a hearing is held, the court shall issue findings of fact and conclusions of law. § 547.035.8.
Section 547.035.2(3) requires a movant to allege facts demonstrating that the evidence was not previously tested by him because:
(a) the technology for the testing was not reasonably available to the movant at the time of the trial; (b) neither the movant nor his trial counsel was aware of the existence of the evidence at the time of trial; or (c) the evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial.
State v. Fields , 517 S.W.3d 549, 553 (Mo. App. E.D. 2016). "Hence, [t]o be entitled to post-conviction DNA testing, a movant must allege facts demonstrating one of the three alternative justifications set out in the statute as to why he ... did not previously test the evidence." Id. (internal quotation marks omitted). Cox fails to meet any of the statutory requirements for entitlement to post-conviction DNA testing.
Under prong (a) of section 547.035.2(3), a movant must demonstrate "the technology for the testing was not reasonably available to the movant" at the time of trial. According to the Supreme Court of Missouri, " 'the test is a subjective one, subject to a reasonable availability standard, not a question of objective scientific feasibility.' " Fields , 517 S.W.3d at 553 *812 (quoting Weeks , 140 S.W.3d at 47 ). Cox did not plead that the technology for DNA testing was not reasonably available to him at trial in 2015. His allegations:
• "defense counsel could have called upon experts to testify";
• "my lawyer would do nothing for me, would not hire other experts on my behalf";
• "my lawyer never asked for funds for different testing";
• "my lawyer never invoked lack o[f] proper chain of custody with relation to the alleged victim having the condo[m] in her possession more than sufficient time to tamper with the condo[m]. In this respect, there has to be other DNA on the outside of the condom because it was somebody else that [Cox] had intercourse with with that condom,"
do not satisfy the requirement of prong (a). Clearly, the technology for DNA testing was reasonably available to Cox at the time of trial as DNA testing on the condom was conducted by the State.
As to prong (b), Cox did not plead that he or his trial counsel was unaware of the existence of the evidence at the time of trial. It was Cox who notified police of the existence of the evidence that Cox sought to have tested for additional DNA-the condom. Both Cox and defense counsel were aware of the existence of the condom at the time of Cox's trial. Cox, therefore, cannot satisfy prong (b) of element (3) of section 547.035.2.
As to prong (c), Cox did not plead that the condom sought to be tested for additional DNA was unavailable to both Cox and defense counsel at the time of Cox's trial. His allegations regarding defense counsel's conduct in not having the condom tested, as recounted in our discussion of prong (a), do not establish that the condom was unavailable for testing by the defense. Cox, therefore, cannot satisfy prong (c) of element (3) of section 547.035.2.
In the order denying Cox's post-conviction motion for DNA testing, the motion court found that DNA testing was conducted from the evidence collected in the case, and a DNA analyst testified at trial that analysis of the DNA profile found it was consistent with Cox's DNA. The motion court did not clearly err in concluding that the trial transcript and evidence presented at trial established that Cox was not entitled to an order for additional DNA testing because any additional DNA testing of other items in evidence would not result in the development of exculpatory evidence.
Point II is denied.
Conclusion
The ruling of the motion court, denying Cox's post-conviction motion for DNA testing pursuant to section 547.035, is affirmed.
Thomas H. Newton, Judge, concurs.
Alok Ahuja, Presiding Judge, concurs in separate opinion.
CONCURRING OPINION
Alok Ahuja, Judge
I concur in the judgment of the Court. I also concur in the Court's opinion, with one minor exception. The Court rejects Cox's claim that Judge Robb erroneously failed to recuse himself, on the basis that Cox failed to include in the legal file the recusal motion he filed in the circuit court. Although this disposition is fully consistent with existing caselaw, I would not reject Cox's recusal claim solely because of an omission from the legal file. Because all of our circuit courts now use electronic filing, I was able to access the official copy of Cox's "Motion to Recuse Judge Robb and *813 Change of Venue out of Buchanan County, Missouri" in only a few moments, using only a few keystrokes, while seated at my office computer. Given that the official circuit court record is now directly - and so easily - accessible, I seriously question whether we should refuse to hear an appellant's claims for the sole reason that the appellant failed to include particular documents in the legal file compiled for this Court's use.
As the Court notes, Cox's argument on the recusal issue consists of a single sentence, which provides no basis to conclude that the circuit court abused its discretion in refusing to recuse itself. I would affirm the circuit court's denial of Cox's recusal motion on this basis, rather than based on the omission of a single document from Cox's legal file.