

# In the
# Missouri Court of Appeals
# Western District

STATE OF MISSOURI,

          **Respondent,**

v.

ERIC V. MCMILLON,

          **Appellant.**

**WD84257**

**OPINION FILED:**

**APRIL 26, 2022**

---

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Kevin D. Harrell, Judge**

**Before Division Three: Anthony Rex Gabbert, Presiding Judge, Lisa White Hardwick,
Judge, Thomas N. Chapman, Judge**

Eric V. McMillon appeals the circuit court's judgment, entered on a jury verdict, convicting him of one count of Statutory Rape in the First Degree, Section 566.032,[1] and one count of Statutory Sodomy in the First Degree, Section 566.062. On appeal, McMillon contends that the circuit court erred in changing the venue of his trial from western Jackson County to eastern Jackson County, thereby denying him the right to be tried in the proper venue and violating his rights to a fair trial and due process of law under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and article I, sections 10, 18(a), 19 and 22(a) of the Missouri

---

[1] All statutory references are to the Revised Statutes of Missouri, 2016, as updated through 2017.

Constitution. He argues that the court had no statutory authority under Section 478.461 to change the venue of the trial, as there was no agreement of the parties to transfer the case from the western portion of Jackson County to the eastern portion of Jackson County, and the transfer did not occur because there was a disproportionate number of cases in the western portion. We affirm.

**Background and Procedural Information**

McMillon was indicted by a grand jury on one count of rape in the first degree under Section 566.030, for allegedly having sexual intercourse with a child less than twelve years of age between July 1, 2014, and March 11, 2017. He was additionally indicted on one count of sodomy in the first degree under Section 566.060, for allegedly having deviate sexual intercourse with a child less than twelve years of age between July 1, 2014, and March 11, 2017.

McMillon's case was assigned to Division 18 in Kansas City on July 23, 2018; his trial was scheduled for January 7, 2019. On December 20, 2018, McMillon requested a continuance and his trial was rescheduled for July 8, 2019. On June 27, 2019, the parties appeared for a pre-trial conference, at which time McMillon requested a continuance. Trial was rescheduled for March 30, 2020, with a notation that there would be no further continuances. McMillon's trial did not occur on March 30, 2020, due to a Missouri Supreme Court order suspending all pending jury trials in light of the COVID-19 pandemic. Supreme Court of Missouri en banc, *In re: Response to the Coronavirus Disease (COVID-19) Pandemic* (March 16, 2020). McMillon's trial was moved to October 5, 2020.

A pre-trial conference was held September 24, 2020. The judge informed the parties that McMillon's case had the highest priority of the cases the judge had set for October 5, 2020. This was in part due to there being an alleged child victim. The court took up various pre-trial motions at that time. On September 25, 2020, jury trials were suspended at the Western Jackson County

2

Courthouse in Kansas City due to specific circumstances arising within that courthouse related to COVID-19. Circuit Court of Jackson County, Missouri, *In Re: Updated Court Operations under Supreme Court Operational Directives – Effective September 25, 2020*. The order expressly stated that it pertained only to court operations at the Kansas City Courthouse, and that jury trials would continue in the Eastern Jackson County Courthouse in Independence, Missouri. *Id.* The record reflects that, in response to the closing of the Western Jackson County Courthouse, the court was entertaining the idea of holding McMillon's trial at the Eastern Jackson County Courthouse.

On October 4, 2020, McMillon filed a "Motion in Opposition to Change of Venue" wherein he asked that the court "deny the transfer of the above styled cause of action from the Western portion of Jackson County to Independence." McMillon argued that "venue is determined solely by statute," specifically Section 478.461 with regard to Jackson County, and that "there is no statutory basis for a change of venue." McMillon argued that the statute treats eastern and western Jackson County like two separate counties, and the statute did not authorize moving McMillon's trial to eastern Jackson County. McMillon further argued that Rule 32 of the Sixteenth Judicial Circuit barred the presiding judge from transferring a case between divisions more than ten days after the initial plea was entered.

The State challenged McMillon's motion and argued that there was no true transfer of venue, just a change of facilities. In response to McMillon suggesting that he would be subject to a different pool of jurors, the State argued that jurors in Jackson County are all pulled from voter registration rolls, and then sent either to the eastern portion of the county or the western, and the pool was not based on where the jurors live within the county. Hence, the jurors would be drawn from the same pool regardless of the location of the trial. The State argued that presiding judges have the administrative authority to make a facility change in order to facilitate a trial, both

statutorily and through recent Supreme Court orders issued due to the COVID-19 pandemic. The State indicated that Section 491.710 requires criminal cases involving child witnesses to be given docket priority, and McMillon's case had been pending for three and a half years.

On October 5, 2020, McMillon was in COVID-19 related quarantine and was not scheduled to be released from quarantine until October 7, 2020. The parties, nevertheless, appeared before the court and argued their positions regarding moving trial to the Eastern Jackson County Courthouse. The court discussed with the parties that jury selection could begin on October 6, 2020, if the trial was held at the Eastern Jackson County Courthouse. McMillon declined to waive his presence for jury selection, and believed that his appearance over video for jury selection would be prejudicial. The court stated that it would table the motions regarding moving the trial to the Eastern Jackson County Courthouse as it anticipated the Western Jackson County Courthouse would reopen soon. McMillon's trial was rescheduled for November 2, 2020.

On October 22, 2020, the parties met for a pretrial conference. At that time, the court noted that, the day prior, there had been another confirmed COVID-19 case at the Western Jackson County Courthouse. However, McMillon's trial remained scheduled for November 2, 2020.

On October 29, 2020, the trial judge initially granted McMillon's "Motion in Opposition to Change of Venue," but rescinded the order when, on that same date, the presiding judge of the 16th Judicial Circuit ordered the case to proceed to trial at the Eastern Jackson County Courthouse. The order noted that the presiding judge had general administrative authority over all dockets and cases within the circuit pursuant to Local Court Rule 100. The order cited Section 478.240.2 and "Administrative Orders 2020-166 & 2020-179" in additional support. The order clarified that "the above captioned case is not being transferred to another division," but that even if it were, Section 478.461 grants the presiding judge authority to transfer cases from one division to another due to

4

a disproportionate number of cases pending in one location or another. The order stated that there were a disproportionate number of cases pending at the Western Jackson County Courthouse that could not be tried due to the closing of the courthouse for COVID-19 related reasons, but trials could proceed at the Eastern Jackson County Courthouse. The order concluded that, "Based on the overall circuit prioritization of cases for trial next week, the above captioned case is the highest prioritized case." The judge noted that McMillon was arraigned in July 2018, and had been in pre-trial detention for over 900 days. The judge ordered the case to proceed to trial at the Eastern Jackson County Courthouse and that the judge who had been presiding over the matter at the Western Jackson County Courthouse would be assigned to the Eastern Jackson County Courthouse for the trial.

Trial was held November 2-6, 2020, at the Eastern Jackson County Courthouse. Prior to trial, McMillon renewed his objection to the case being heard there. McMillon argued that the statute separating the county into two portions requires that each portion be treated as a separate county and the formalities for transferring must then be followed. As those formalities had not been followed, there was no basis for the transfer absent an agreement.

On November 6, 2020, the jury found McMillon guilty, as charged, of one count of Statutory Rape in the First Degree and one count of Statutory Sodomy in the First Degree. On December 1, 2020, McMillon filed a "Motion for Judgment of Acquittal or, in the Alternative, for a New Trial." Therein he argued, among other things, that the court erred in moving his case from the Western Jackson County Courthouse to the Eastern Jackson County Courthouse which resulted in "improper jurisdictional venue" because the court had no statutory grounds to move the case.

The court denied the motion and on December 18, 2020, McMillon was sentenced to consecutive life sentences on each count.

This appeal follows.

**Standard of Review**

"To the extent that a court bases its venue ruling on factual matters and inferences, this court reviews the trial court's ruling under an abuse of discretion standard." *McCoy v. The Hershewe Law Firm, P.C.*, 366 S.W.3d 586, 592 (Mo. App. 2012). "To the extent to which the venue decision is governed by the interpretation of a statute, the ruling is a question of law, and accordingly this court reviews the ruling to determine whether the trial court misinterpreted or misapplied the law." *Id.*

**Point on Appeal**

In McMillon's sole point on appeal, he contends that the circuit court erred in changing the venue of his trial from western Jackson County to eastern Jackson County, thereby denying him the right to be tried in the proper venue and violating his rights to a fair trial and due process of law under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and article I, sections 10, 18(a), 19 and 22(a) of the Missouri Constitution. He argues that the presiding judge may only statutorily transfer venue pursuant to Section 478.461 if there was an agreement of the parties to transfer the case from the western portion of Jackson County to the eastern portion of Jackson County, or the transfer occurred because there was a disproportionate number of cases in the western portion that needed transfer to the eastern portion.

We first note that while McMillon preserved his statutory claims, he alleges for the first time on appeal that his constitutional rights were violated. His constitutional claims are, therefore, not preserved for review. "The defendant is bound by the arguments made and the issues raised at

6

trial and may not raise new and totally different arguments on appeal." *State v. Hindman*, 446 S.W.3d 683, 686 n.3 (Mo. App. 2014) (internal quotation marks and citations omitted). "To preserve constitutional claims or errors for appellate review, they must be raised at the first opportunity with citations to specific constitutional sections." *State v. Tisius*, 362 S.W.3d 398, 405 (Mo. banc 2012). While the appellate court has discretion to review unpreserved claims for plain error under Rule 30.20, McMillon ultimately abandons his constitutional claims by not developing them in the argument section of his brief. *State v. Cox*, 563 S.W.3d 801, 807 (Mo. App. 2018).

With regard to McMillon's statutory claims, Section 478.461 provides, in relevant part:

> 1.  For the purposes of this section, Jackson County is hereby divided into an "eastern" portion and a "western" portion, as hereinafter described.
>
> > (1) The "western" portion of Jackson County is described as follows:
> >
> > [Detailed description of the "western" portion boundaries.]
> >
> > (2) The "eastern" portion of Jackson County is described as the remainder of Jackson County other than the aforesaid "western" portion. The boundaries as herein established are permanently fixed geographically as of January 2, 1986, and are not to be considered altered by reason of change of name or location of any of the roads or city limits to which reference is made herein.
>
> 2. In determining territorial jurisdiction or venue of actions or court proceedings within the sixteenth judicial circuit, the following provisions shall apply:
>
> > (1) When, pursuant to law, territorial jurisdiction or venue of any action or court proceeding, civil or criminal, is in the sixteenth judicial circuit, then the territorial jurisdiction or venue shall be in either the western portion or the eastern portion of the circuit;
> >
> > (2) When, pursuant to law, territorial jurisdiction or venue of any action or court proceeding, civil or criminal, except those proceedings brought pursuant to chapter 210 or 211, is in that particular county, then the territorial jurisdiction or venue shall be in that portion of the circuit, or either, in which the factor, or factors, determinative of territorial jurisdiction or venue in the county, exist, arose, occurred, are committed, were taken or failed to be taken;

7

(3) Actions against the county may be commenced in either of the two portions of the circuit;

(4) Notwithstanding the foregoing provisions of this section, **the presiding judge of the sixteenth judicial circuit may provide by order for the transfer of a case pending before a circuit or associate circuit judge of a division at Independence to a division at Kansas City or from a division at Kansas City to a division at Independence, by agreement of all parties to an action or when the presiding judge determines that such transfer is necessary because one or more divisions in either portion of Jackson County have a disproportionate number of cases pending.**

…

(Emphasis added). McMillon contends that the circuit court violated this provision when it ordered that his trial be held at the Eastern Jackson County Courthouse over his objection; he argues that his case did not meet any of the allowances for transfer set forth in Section 478.461.2(4). Yet, this statute speaks in terms of "transfer" between "divisions." McMillon's case was not transferred to a division at the Eastern Jackson County Courthouse. Division Eighteen of the Western Jackson County Courthouse and the judge assigned to that division (and who had handled all pretrial matters in McMillon's case) were ordered relocated to the Eastern Jackson County Courthouse for trial. Section 478.463 provides:

> There shall be nineteen circuit judges in the sixteenth judicial circuit consisting of the county of Jackson. These judges shall sit in nineteen divisions. Divisions one, three, four, six, seven, eight, nine, ten, eleven, thirteen, fourteen, fifteen, and eighteen shall sit at the city of Kansas City and divisions two, five, twelve, sixteen, and seventeen shall sit at the city of Independence. Division nineteen shall sit at both the city of Kansas City and the city of Independence. Notwithstanding the foregoing provisions, the judge of the probate division shall sit at both the city of Kansas City and the city of Independence.

While Section 478.463 provides that Division Eighteen "shall sit at the city of Kansas City," Article V, Section 14 of the Missouri Constitution states that "circuit courts shall have original

jurisdiction over all cases and matters, civil and criminal" and "*shall sit at times and places within the circuit as determined by the circuit court*." MO. CONST. Art. V, sec. 14 (emphasis added). "Where possible, we are to interpret statutes so as to harmonize the statute with the constitution." *Whitelaw v. Director of Revenue*, 73 S.W.3d 731, 733 (Mo. App. 2002).[2]

In conducting McMillon's trial at the Eastern Jackson County Courthouse, nothing but where the court sat for trial changed for McMillon. McMillon was not transferred to a new division, he was not transferred to a new judge, and he was not subject to a different pool of jurors. Although he claims that the "jury was pulled from eastern Jackson County," he offers no support for this bald assertion. He made this same claim in his pre-trial arguments (which was flatly rejected by the State), but did not raise this argument in his motion for new trial. Nevertheless, information supplied to jurors on the court's website expressly advises that "16th Judicial Circuit encompasses all of Jackson County, Missouri, and jurors for the Court are drawn from the entire County." 16thcircuit.org/qualifications-excuses-postponements. The court website goes on to discuss that there are two court locations in Jackson County, and that "prospective jurors are randomly selected for both locations from the Court's master jury pool." *Id.* Further, a juror cannot request to move their service location from one Jackson County courthouse to the other, as "the 16th Judicial Circuit includes all of Jackson County, and the Court is required to select potential jurors at random from throughout the county for both courthouse locations." 16thcircuit.org/juror-faq.

---

[2] Article I, Section 18(a) of the Missouri Constitution provides only that in criminal prosecutions the accused shall have the right to "a speedy public trial by an impartial jury *of the county*." MO. CONST. Art. I, sec. 18(a) (emphasis added). Although McMillon makes an (unpreserved) allegation in his point relied on that his constitutional rights were violated when his trial was ordered to take place at the Eastern Jackson County Courthouse, he makes no attempt to explain how. He makes no argument in the body of his brief regarding his constitutional claims. We deem points not developed in the argument section of the brief to be abandoned. *Cox*, 563 S.W.3d at 807.

Even if McMillon's case had been transferred to a new division at the Eastern Jackson County Courthouse and we determined that the court's reason for the transfer did not fit within Section 478.461, we cannot say that such a transfer would have been absolutely precluded. Prior to enacting Section 478.461 in 1985, the legislature had already granted the sixteenth judicial circuit (in 1979) the authority to transfer pending cases between the eastern and western divisions "for good cause shown." Section 478.465 provides, in part:

> By local circuit court rule, the sixteenth judicial circuit may provide for the **transfer of a case pending** before a circuit or associate circuit judge of a division at Independence and of a division at Kansas City for good cause shown upon order of such judge or of the presiding judge from a division at Independence to a division at Kansas City, and **from a division at Kansas City to a division at Independence.**

(Emphasis added). Section 478.465 was not rescinded, or amended at all, when Section 478.461 was adopted. Hence, the two transfer situations described in Section 478.461 must be perceived as instances of automatic good cause for which no further good cause showing is required, and not the only instances in which transfer between the locations is allowed.[3] Otherwise, Section 478.465 would be superseded by Section 478.461, and we cannot presume this to be the case where the two can be reconciled. "When two statutes appear to conflict, we will attempt to reconcile them and give effect to both." *Day v. Wright Cty.*, 69 S.W.3d 485, 490 (Mo. App. 2000) (internal quotation

---

[3] We note that Section 478.465 was not discussed in *State ex rel. Edu-Dyne Systems, Inc. v. Trout*, 781 S.W.2d 84 (Mo. banc 1989), a case in which the Missouri Supreme Court found that a judge had no authority to *sua sponte* transfer a civil case filed in the wrong portion of Jackson County to the correct portion when the defendant defaulted and never objected to venue. Here, there is no dispute that McMillon's case was filed in the proper portion of the county. The question here is whether the court had statutory authority to move the case after it was filed properly. Section 478.462, which was discussed in *Edu-Dyne* and allows for a case to be filed in *either* portion of the county and provides only the defendant the right to challenge venue, with such challenges being waived if not raised, is inapplicable here.

marks and citation omitted). "If the conflict is otherwise irreconcilable, the general statute must yield to the more specific statute." *Id.* This is not a situation where a more general statute must yield to a more specific. Both of these statutes specifically address transfer of pending sixteenth judicial circuit cases between the two Jackson County courthouses and are reconcilable. "When enacting changes to statutes, the legislature is presumed to be aware of the state of the law at the time of the enactment." *State v. Anders*, 975 S.W.2d 462, 465 (Mo. App. 1998).

Article V, Section 15.3 of the Missouri Constitution states: "The presiding judge shall have general administrative authority over the court and its divisions." MO. CONST. Art. V, sec. 15.3. Section 478.240.2, likewise, grants the presiding judge of a circuit general administrative authority over all judicial personnel, the authority "to assign judges to divisions," and "the authority to assign any judicial or court personnel anywhere in the circuit." Section 478.467, which is specific to Jackson County, provides:

> The circuit judges of the **sixteenth judicial circuit** may make such rules **as may be found necessary for the proper distribution of cases for trial and disposition** among the several divisions of the court presided over by circuit or associate circuit judges **and the transfer of cases to and from such divisions, *including divisions at different locations*.** Such authority is in addition to the authority set forth in section 478.245.

(Emphasis added). While the sixteenth judicial circuit does not appear to have any local rules which specifically cite Section 478.465 or 478.467, Local Rule 100.1.2-2 provides that the presiding judge shall have charge of the dockets and assignment of all cases therefrom.

McMillon focuses only on Section 478.461 and does not address Section 478.465 or 478.467, or make any contention that the court's justifications for holding his case at the Eastern Jackson County Courthouse were without good cause or an abuse of discretion.

11

## Conclusion

We find that the presiding judge was not without authority to order that McMillon's trial be held at the Eastern Jackson County Courthouse. McMillon's point on appeal is denied. The circuit court's judgment is affirmed.

_____
Anthony Rex Gabbert, Judge


All concur.

12