Michael REICHERT, Plaintiff-Appellant,

v.

Michael J. LYNCH, Defendant-Respondent.

No. 41828.

Missouri Court of Appeals, Eastern District, Division Four.

March 10, 1981.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Robert Nussbaumer, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff, Michael Reichert, appeals from a judgment in favor of defendant in a personal injury case. Plaintiff and his father brought the action in two counts. Count I sought damages for Michael Reichert for personal injuries sustained when he fell from the outside of defendant's automobile and was run over by the left rear wheel. Count II sought property damages and punitive damages on behalf of Eugene Reichert for defendant's conduct in maliciously setting fire to Eugene Reichert's automobile. The jury returned a verdict in favor of defendant on Count I, and in favor of plaintiff Eugene Reichert on Count II in the amount of $1000 actual damages (doubled by the trial court pursuant to Sec. 537.330 RSMo 1978) and $4000 punitive damages. No appeal was taken from the judgment on Count II.

Plaintiff's primary assertion on appeal is that the defendant's verdict-directing instruction on contributory negligence was erroneous in failing to require knowledge by plaintiff of the dangerous nature of his conduct. Defendant not only counters this assertion but further contends that plaintiff was guilty of contributory negligence as a matter of law. In this posture the facts become essential. They are somewhat unusual.

On the night of his injury, Oct. 6, 1976, plaintiff was walking his dogs near his home after midnight. He saw two men standing next to his father's car and almost immediately thereafter his father's car exploded in flames. Both men ran up an alley to a waiting car. Plaintiff pursued them in order to find out who they were and why they had burned his father's car. Defendant admitted on the stand that he had, at the instigation of a companion, thrown gasoline into the Reichert vehicle and that his companion had thrown a lighted book of matches into the vehicle, resulting in the

fire. Defendant did not know the Reicherts, but his companion had had a previous altercation with plaintiff. Defendant had been drinking prior to the incident but did not know whether he was intoxicated.

Defendant entered his car with plaintiff in pursuit. Plaintiff testified that when he (plaintiff) reached the vehicle the car was stationary, that the engine had not been started, and that the car door was open. He then grabbed defendant by the hair with both hands and attempted to pull him from the car. While he was so engaged, the car started and began rolling. Plaintiff retained his grip on defendant's hair with one hand and grabbed the car door with the other as the car began moving. The car accelerated rapidly and after about three-fourths of a block plaintiff fell off at which time the rear wheel rolled over plaintiff's left leg, groin, and rib area. Plaintiff's father saw tire marks in the alley where the car had been parked and heard the squeal of tires as the car started moving.

Defendant's version was slightly, but materially, different. He testified that he entered the car, closed the door, started the engine and that the car had started moving when the door opened and plaintiff grabbed his head. He testified he continued to accelerate and that plaintiff either fell off or was pushed off by defendant's companion.

We address first defendant's contention that appellant was guilty of contributory negligence as a matter of law. The test to be applied is stated in *Dalby v. Hercules, Inc.*, 458 S.W.2d 274 (Mo.1970) [1] as follows:

"... [P]laintiff's negligence is a jury question, unless it may be said from all the evidence, viewed in the light most favorable to plaintiff, that it appears so convincingly that no reasonable and disinterested minds can rightfully disagree that plaintiff failed to exercise due care for his own safety and was negligent, and that his negligence was a proximate cause of his injury."

■ Viewed from the standpoint most favorable to plaintiff, the evidence is that plaintiff attempted to restrain and apprehend defendant, who had just committed a felony (Sec. 560.025 RSMo 1969) in his presence. At the time defendant was sitting in a parked car with the motor off. We are unable to say that such conduct so convincingly demonstrates a lack of due care that reasonable and disinterested minds could not disagree. The evidence warrants the inference that while attempting to apprehend defendant the car was started and began accelerating at a rapid rate and at that juncture plaintiff could not with safety release his hold on defendant or the vehicle. We are unable to conclude that plaintiff was guilty of contributory negligence as a matter of law.

We turn to plaintiff's contention that the verdict-directing instruction on contributory negligence was erroneous. That instruction was as follows:

"Your verdict must be for defendant on plaintiff Michael Reichert's claim for damages if you believe:

"First, plaintiff Michael Reichert placed himself in such proximity to defendant's vehicle as to be in danger of injury, and

"Second, plaintiff Michael Reichert was thereby negligent, and

"Third, such negligence of plaintiff Michael Reichert directly caused or directly contributed to cause any damage plaintiff Michael Reichert may have sustained.

"The term 'negligent' or 'negligence' as used in this instruction means the failure to use ordinary care. The phrase 'ordinary care' means that degree of care that an ordinary (sic) careful and prudent person would use under the same or similar circumstances."

As plaintiff states, the instruction does not require a finding that plaintiff knew or should have known that placing himself in proximity to defendant's car would place him in danger. In a series of cases the Supreme Court has held that knowledge of general conditions from which danger arises is not necessarily knowledge and appreciation of that danger.

"[B]efore one charged with contributory negligence can be convicted thereof, there must be a finding that he acted or failed to act with knowledge and appreciation, actual or constructive, of the danger of injury which his conduct involved .... In such situations, the contributory negligence instruction must submit this issue." *Koirtyohann v. Washington Plumbing & Heating Co.*, 471 S.W.2d 217 (Mo.1971) [6]. *See also Turpin v. Shoemaker*, 427 S.W.2d 485 (Mo.1968); *Bledsoe v. Northside Supply and Development Company*, 429 S.W.2d 727 (Mo.1968) [5]; *Ballew v. Schlotzhauer*, 492 S.W.2d 774 (Mo.1973) [3].

█ It may be conceded that under many circumstances the danger is so apparent that it may be presumed that plaintiff must have been aware of it and the only question is whether plaintiff acted in a certain way and was thereby negligent. Such might be the case here if the contributory negligence submitted had been that plaintiff opened the door of an accelerating automobile and grabbed defendant. Such a theory was supported by defendant's evidence. But that was not the theory presented. Rather the instruction hypothesized plaintiff's negligence as coming into "such proximity" of the car as to be in danger.[1] We do not believe it can be presumed that plaintiff was aware or should have been aware that he would be injured by a vehicle stopped with its motor off. That was plaintiff's testimony of the occurrence and under the instruction the jury could have found contributory negligence even if it believed plaintiff and even if it believed he did not know, or should not have known, of the danger. Under the submission of negligence contained in the instruction plaintiff's knowledge and appreciation of the danger should have been included as a fact to be found by the jury.

Judgment reversed and cause remanded for new trial on Count I.

SATZ and SIMON, JJ., concur.

1. We do not reach the issue raised by plaintiff that this submission was overbroad and constituted a roving commission. We do note that it would permit a jury to find negligence from the mere act of pursuit by plaintiff.