Michael REICHERT, Plaintiff-Appellant,

v.

Michael J. LYNCH,
Defendant-Respondent.

No. 64614.

Supreme Court of Missouri,
En Banc.

May 31, 1983.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Robert L. Nussbaumer, St. Louis, for defendant-respondent.

BLACKMAR, Judge.

This case has a lengthy history. The case was first submitted on a primary negligence theory resulting in a verdict and judgment for the defendant. The Missouri Court of Appeals, Eastern District, reversed and remanded for a new trial because of defects in the instruction on contributory negligence. *Reichert v. Lynch,* 613 S.W.2d 710 (Mo.App.1981).

The plaintiff submitted the case on humanitarian negligence at the second trial and the jury returned a verdict for the plaintiff for $8,000. The trial court sustained the defendant's motion for judgment notwithstanding the verdict. The Court of Appeals reversed by a vote of two to one and remanded the case with directions to enter judgment on the verdict. The case was certified to us by Judge Snyder because he considered the majority opinion to be in conflict with *McClanahan v. St. Louis Public Service Co.,* 363 Mo. 500, 251 S.W.2d 704 (Mo. banc 1952).

We stand possessed of the case as though on initial appeal. We are of the opinion, however, that Judge Crist's majority opinion for the Court of Appeals correctly analyzes the case and appropriately distinguishes *McClanahan.* We therefore adopt his opinion, which is attached as an appendix, as the opinion of the Court.

We therefore reverse the judgment of the Circuit Court and remand the case to that court with directions to reinstate the $8,000 judgment on the verdict in favor of plaintiff.

RENDLEN, C.J., HIGGINS, GUNN, JJ., FINCH and KELSO, Senior Judges, concur.

DONNELLY, J., dissents in separate opinion filed.

WELLIVER and BILLINGS, JJ., not sitting.

## APPENDIX

Opinion of the Missouri Court of Appeals, No. 45282, November 16, 1982, by Judge Crist.

This is an appeal from a judgment in a personal injury action in which the plaintiff-appellant Michael Reichert sought damages from defendant-respondent Michael Lynch for injuries appellant sustained when he was run over by an automobile driven by respondent after appellant had been pushed, or had fallen, to the ground. After the jury found in his favor and awarded Reichert damages totalling $8,000, the circuit court of the City of St. Louis granted the defendant's motion for judgment notwithstanding the verdict. Reichert appeals. The judgment is reversed and the trial court is ordered to enter judgment for plaintiff-appellant for $8,000 in accordance with the jury verdict.

Appellant relies on three points. First, he says the trial court erred in granting respondent's motion for judgment notwithstanding the verdict, because this motion has been abolished by statute. Second, appellant argues that, because the motion for judgment notwithstanding the verdict has been abolished, the respondent is required to set out in a motion for new trial a specification that the trial court erred in failing to grant defendant's motion for directed verdict at the close of all the evidence. Third, appellant contends that he made a submissible case on humanitarian negligence and therefore, the trial court erred in granting the motion for judgment notwithstanding the verdict.

On October 5, 1976, at around 11:30 p.m., appellant Reichert was walking his dogs near his home when he observed two men standing by his car. As he began to walk toward them, the car erupted into flames. The appellant chased the two men to a car parked in a nearby alley. One of the men was respondent Michael Lynch. The two men jumped into the car, respondent Lynch on the driver's side and the other man on the passenger side. According to the appellant, before respondent Lynch could start the car, appellant pulled open the car door, grabbed the respondent by the hair and tried to pull him from the car. Respondent then started the car which began moving ahead, with the appellant hanging onto the

door with one hand and respondent's hair with the other. One foot was lodged between the car seat and the door, the other foot was dangling. After the car had travelled about three hundred feet and had reached a speed of 30–35 miles per hour, appellant lost his grip and fell. The car ran over him, causing injury to his left groin.

Respondent's evidence differed from appellant's. Respondent contends that the car had already started moving when appellant pulled the car door open. Respondent testified that while appellant was pulling his hair, respondent could not see anything and he took his foot off the accelerator. He kept both hands on the steering wheel, trying to drive the car in a straight path, but did not put on the brake. He travelled no more than three car lengths when the appellant "fell off him." Respondent also claims that his passenger, David Armoneit, reached in front of him and pushed appellant off or out of the car.

Appellant originally pleaded both primary and humanitarian negligence, but the case was submitted to the jury on a humanitarian negligence theory. The jury returned a verdict for appellant and awarded him damages of $8,000. The court then granted respondent's after-trial motion for judgment notwithstanding the verdict.

The appellant first contends that the motion for judgment notwithstanding the verdict is an improper after-trial motion because it has been abolished by statute. The point is denied.

The Supreme Court of Missouri has the authority to make rules governing the practice in, and operation of, Missouri Courts, if substantive rights are not changed. Mo. Const. Art. 5, Sec. 5; *Slack v. Englert,* 617 S.W.2d 483, 486 [2, 3] (Mo.App.1981). All rules promulgated pursuant to that authority supersede all statutes and existing court rules inconsistent therewith. Rule 41.02.

Although appellant's claim that a motion for judgment notwithstanding the verdict was abolished by § 510.380, RSMo 1978 and by former Rule 81 is correct, Rule 72.01(b), which was adopted April 10, 1974,

effective January 1, 1975, now provides for a motion for judgment notwithstanding the verdict. *See also, Hopkins v. North American Co. etc.,* 594 S.W.2d 310, 317[11, 12] (Mo.App.1980); *Milner v. Texas Discount Gas Co.,* 559 S.W.2d 547, 550–551 n. 1 (Mo. App.1977).

Under Rule 41.02, the Supreme Court had the authority to promulgate Rule 72.01(b). That rule supersedes § 510.380, RSMo 1978 which was enacted in 1943. A motion for judgment notwithstanding the verdict is a proper after-trial motion.

Appellant also contends that because motions for judgment notwithstanding the verdict have been abolished, the respondent was required to set out in a motion for new trial a specification that the trial court erred in not granting defendant's motion for directed verdict at the close of all the evidence. Respondent did not file a motion for a new trial. The ruling on appellant's first point, that a motion for judgment notwithstanding the verdict is a proper after-trial motion, makes it unnecessary to discuss his second point which is denied.

Appellant's final contention is that he made a submissible case on humanitarian negligence in that he was in a position of immediate danger of being injured. Our scope of review necessitates that we view the evidence at trial in a light most favorable to plaintiff, together with all reasonable inferences supportive of his cause of action. *Turner v. Sorrels,* 624 S.W.2d 82, 84 (Mo.App.1981).

The key requisite for a submissible case under the humanitarian doctrine is a showing that the plaintiff was in a position of immediate danger. Of all the elements in a humanitarian doctrine case, the exact point where the plaintiff's position is deemed to be one of "immediate danger," is the most actively disputed. And this case is no exception.

The Supreme Court of Missouri in *Epple v. Western Auto Supply Co.,* 548 S.W.2d 535 (Mo. banc 1977), has defined "immediate danger" as " . . . that position of danger to the plaintiff, whether or not the plaintiff

was negligent in getting there, in which by reason of the then existing circumstances, if unchanged, injury to the plaintiff is reasonably certain and not a mere possibility...." *Id.* at 540.

The court in *Epple* further held that a determination as to when a plaintiff comes into a position of immediate danger is a jury question to be answered in light of the facts and circumstances in each particular case and that there must be substantial evidence on which they can make that determination. *Id.*

Respondent maintains *McClanahan v. St. Louis Public Service Co.,* 363 Mo. 500, 251 S.W.2d 704 (Mo. banc 1952) mandates a finding that appellant was not in immediate danger long enough for respondent to take evasive action. The facts in the instant appeal can be distinguished from the *McClanahan* type of "imminent peril."

In *McClanahan,* the plaintiff was a young trespasser hanging on to the side of a moving street car. The motorman knew or should have known of the boy's position throughout the ride, yet the Court held the boy's position did not rise to the level of "imminent peril" until the car accelerated and jerked. Continuing, the court found that a humanitarian duty did not ripen in the motorman until he comprehended the boy's imminent peril and had an opportunity to respond to it. Unfortunately the youth fell just as his status changed and he was denied recovery.

In the case at bar, appellant has a far less likelihood of success than a youth riding on a street car. Here appellant pursued respondent-driver to his getaway car after having spotted respondent and his accomplice torch appellant's car. Appellant grabbed respondent before he started the engine. He had one hand on respondent-driver's hair and the other on the open door. His right foot was between the car seat and the door and his left was dangling. Appellant was trying to arrest respondent for burning his car. Respondent started the car and took off, slowly at first but gained speed to about 30 miles per hour. Appellant managed his precarious position for about 300 feet until he finally fell off and was injured. Respondent testified that he could have stopped his car within 10 feet at any time, but he did not.

There was substantial evidence from which a jury could have found that plaintiff was in immediate danger from the time respondent started moving the car forward. It is clear from the testimony that appellant was apt to fall at any time during the course of his 300 foot drag ride and was in immediate danger from the beginning.

DONNELLY, Judge, dissenting.

For me, contributory negligence and humanitarian negligence are extraneous in a case involving an intentional tort. "The ordinary contributory negligence of the plaintiff is to be set over against the ordinary negligence of the defendant, to bar the action. But where the defendant's conduct is actually intended to inflict harm upon the plaintiff, there is a difference, not merely in degree but in the kind of fault; and the defense never has been extended to such intentional torts." W. Prosser, Law of Torts, § 65, p. 426 (4th ed. 1971). Implementation of the proposition "that where persons contribute to cause an occurrence, and damage is suffered, each should bear responsibility only in proportion to his fault" would seem particularly appropriate in this case. *Steinman v. Strobel,* 589 S.W.2d 293, 296 (Mo. banc 1979) (Donnelly, J., dissenting).

However, to borrow from Judge Finch of the Court of Appeals of New York: "If what I have said does not convince the majority of the court, nothing that I can say will do so. I have tried faithfully, and, I hope, with proper respect, for certainly I have not meant to be wanting in that, to point out the mistake which, it seems to me, they are about to make. Theirs, however, must be both the responsibility and its consequences." *See* Cardozo, *Law and Literature* (1925).

I respectfully dissent.