**Charles RIDGEWAY, Appellant,**

v.

**ASIBEM, INC., et al., Respondent.**

**No. WD 43793.**

Missouri Court of Appeals,
Western District.

May 14, 1991.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
June 27, 1991.

Christopher S. Gahagan, James W. Humphrey, Kansas City, for appellant.

Patrick B. Starke, Blue Springs, for respondent.

Before LOWENSTEIN, J., Presiding, and TURNAGE and FENNER, JJ.

LOWENSTEIN, Judge.

The appellant Ridgeway appeals the trial court's grant of the respondent's motion to dismiss based on Rule 67.01, which governs a plaintiff's right to refile after the plaintiff has previously voluntarily dismissed the petition.

On February 11, 1988, Ridgeway filed a petition on account in Jackson County Circuit Court at Kansas City. (First filing.) The respondents filed a motion to dismiss based on improper venue. Even though venue appears to have been improper, the trial court overruled the motion. Appellant then voluntarily dismissed the cause without prejudice April 18, 1988, because of improper venue.

Ridgeway refiled the petition within the allowed time period in the proper venue. (Second filing.) Three days before trial, the appellant voluntarily dismissed the cause.

The appellant filed the petition again in the proper venue. (Third filing.) Respondents filed a motion to dismiss based on Rule 67.01, which the trial court granted. Under Rule 67.01 a plaintiff gets one opportunity to dismiss his petition in a civil action without prejudice and without court order at any time prior to the introduction of evidence. Rule 67.01 (1986). *Rosenfeld v. Telcom Engineering, Inc.*, 619 S.W.2d 811, 814 (Mo.App.1981). Once a plaintiff has voluntarily dismissed his cause, then he may not voluntarily dismiss without prejudice again *unless* he files a written stipulation signed by the adverse party or he obtains a court order made upon a motion that sets forth the grounds of dismissal. Rule 67.01 (1986).

Both parties concede that the dismissal of the *second* filing was voluntary, but disagree about whether it was with or without prejudice. A dismissal with prejudice bars the petitioner from later asserting the same claim against the same party. Rule 67.03 (1986). The record does not show the appellant obtained a stipulation or court order for the dismissal of its second filing, one of which is required for additional voluntary dismissals to be without prejudice. Furthermore, any voluntary dismissal other than one which the party is entitled to take without prejudice shall be with prejudice unless the court in its order for dismissal shall otherwise specify. Rule 67.03 (1896).

To avoid the finding that the second filing was dismissed with prejudice and thus barred the third filing, the appellant argues the voluntary dismissal of the *first* filing did not count as a true voluntary dismissal under Rule 67.01. Appellants argue the first filing was not a "civil action" within the contemplation of Rule 67.01 in that the action was filed in the incorrect venue, and the trial court never gained jurisdiction over respondents. This argument is based on *Oney v. Pattison*, 747 S.W.2d 137 (Mo. banc 1988), which held that in Missouri the concepts of venue and jurisdiction have melded and now require dismissal of a suit when venue is improper. *Id.* at 140. The appellant further argues § 506.110, RSMo 1986 mandates that a suit be filed only in the "proper court." The *Oney* court stated that "[a] court is 'proper' ... only to the extent it possesses both subject matter jurisdiction ... *and* ... the appropriate venue site." *Oney v. Pattison*, 747 S.W.2d at 140. The appellant contends because the venue was improper for the first filing it was not a civil action under Rule 67.01. Appellant further argues that the dismissal of the second filing was actually the first true voluntary dismissal, which as a matter of law is without prejudice. If this is so, then the third filing should not have been dismissed.

This court disagrees. Rule 53.01 states that "A civil action is commenced by filing a petition with the court." Former Rule 53.01 containing the phrase "proper court" was repealed in 1972. When there is a conflict between rules and statutes affecting procedural rights, the rule prevails. Rule 41.02, *Reichert v. Lynch*, 651 S.W.2d 141, 143 (Mo. banc 1983). Under rule 53.01 a suit does not have to be filed in the "proper" court before it is considered a civil action under Rule 67.01.

Appellant also argues that the voluntary dismissal of the first filing was actually an involuntary dismissal because the trial court wrongly refused to grant respondents' motion to dismiss for improper venue. Appellants point out that the dismissal of the first filing occurred *after Oney, supra,* which held a suit should be dismissed if venue is improper, and *before* the enactment of § 478.462 Supp.1988, which allows for transfer of actions filed in the incorrect venue of Circuit No. 16. Appellants argue that because the court improperly refused to dismiss the first filing, the dismissal by appellants was not truly voluntary. No cases support this argument, which is denied.

Affirmed.