In re the Marriage of Doris Gordon LIBERMAN, Respondent,

v.

Maurice Pierce LIBERMAN, Appellant.

No. 62460.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 24, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1993.

Application to Transfer Denied Nov. 23, 1993.

Theodore S. Schechter, Michael L. Schechter, Schechter & Watkins, Clayton, for appellant.

Douglas R. Beach, Beach, Burcke, Mooney, Lake & Helfers, P.C., St. Louis, for respondent.

AHRENS, Presiding Judge.

In this dissolution of marriage proceeding, husband appeals from the trial court's orders pendente lite requiring husband to pay temporary maintenance, house and other expenses, attorneys' fees and suit money. We affirm.

This is the third dissolution of marriage proceeding filed by wife. On July 31, 1989, wife filed her first petition. On wife's motion for allowances, a pendente lite order was entered in the first action on November 9, 1989, requiring husband to pay temporary maintenance, house and other expenses, and attorneys' fees and suit money on account. On the day of trial, July 8, 1991, prior to the introduction of evidence, wife voluntarily dismissed her first action without prejudice.

On July 9, 1991, wife filed her second petition for dissolution of marriage. On August 1, 1991, wife filed a verified petition. Wife filed a motion for allowances on August 8, 1991. On September 13, 1991, the trial court sustained husband's motion to quash service of process. Pluries summons was issued and returned by special process server showing execution on November 1, 1991. Husband again filed a motion to quash service of process by special appearance on December 3, 1991. On December 13, 1991, wife's attorney filed a memorandum with the court dismissing the second action "without prejudice". The trial judge signed the memorandum "so ordered". The docket sheet reflects that on the same day, December 13, 1991, the trial court heard and sustained husband's motion to quash service.

Wife filed a third dissolution petition on December 16, 1991. Husband filed a motion to dismiss by special appearance, claiming wife's voluntary dismissal without prejudice of the second action was "deemed" to have been with prejudice pursuant to Rule 67.01. Husband's motion to dismiss was denied by the trial court on March 23, 1992. Wife filed a motion for allowances on March 25, 1992. Husband again filed a motion to dismiss on the basis of Rule 67.01. The trial court denied husband's motion, and after hearing, entered a pendente lite order on June 11, 1992. Husband appealed.

Husband's sole point on appeal is that the trial court had no jurisdiction to hear the motion for temporary maintenance, attorneys fees, suit money, and costs pendente lite in the third action because wife had twice dismissed actions for dissolution of marriage without prejudice. Husband contends the second dismissal without prejudice was "deemed" a dismissal with prejudice under Rule 67.01, since there was no stipulation

filed by husband that the dismissal was without prejudice, and no order of the court made on motion in which the grounds for dismissal were set forth.

Rule 67.01 provides a plaintiff one opportunity to dismiss his or her civil action without prejudice and without court order at any time prior to the introduction of evidence. Rule 67.01; *Ridgeway v. Asibem, Inc.*, 810 S.W.2d 352, 353 (Mo.App.1991). A party who has once dismissed his or her civil action and thereafter files another civil action upon the same claim is allowed to dismiss the second action without prejudice only: (1) upon filing a stipulation to that effect signed by the opposing party; or (2) on order of the court made on motion in which the grounds for said dismissal are forth. Rule 67.01; *Ridgeway*, 810 S.W.2d at 352.

The record reflects neither a stipulation signed by husband agreeing to the dismissal of the second action without prejudice, nor a motion setting forth in which the grounds for dismissal were filed, which would have entitled plaintiff to a second dismissal without prejudice. Rule 67.01. Wife's dismissal memorandum in the second action, however, specifically stated the dismissal was "without prejudice" and was approved and ordered by the trial court. Husband did not object to wife's dismissal as violating Rule 67.01 or seek to vacate or modify the court's judgment of dismissal without prejudice in the second action. Husband did not present the issue of the propriety of the dismissal without prejudice to the trial court in the second action. *See State ex rel. J.L. Mason Group of Missouri v. Village of Dardenne Prairie*, 763 S.W.2d 727, 729 (Mo.App.1989).

■■■ Instead, husband asserts in this third case that the second dismissal should be "deemed" to have been with prejudice. Husband is improperly attempting to attack the second dismissal in this case. A judgment of dismissal is generally not subject to collateral attack. *Bindley v. Metropolitan Life Ins. Co.*, 358 Mo. 31, 213 S.W.2d 387, 390 (1948). A collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment. *Beil v. Gaertner*, 355 Mo. 617, 197 S.W.2d 611, 613 (1946).

Husband relies on three cases in support of his claim that wife's dismissal of the second action "yielded" a dismissal with prejudice. *See, e.g., Ridgeway*, 810 S.W.2d 352; *Arana v. Reed*, 793 S.W.2d 224 (Mo.App. 1990); *North Port Dev. Co. v. Graff*, 763 S.W.2d 683 (Mo.App.1988). Husband's reliance on these cases is misplaced.

In *Arana*, plaintiff's malicious prosecution action was dismissed for failure to file within the statute of limitations. Plaintiff's petition pleaded that a medical malpractice case filed against him had been twice dismissed without prejudice. Accordingly, plaintiff contended Rule 67.01 was inapplicable. The court noted, however, that the record was silent as to whether the second dismissal was without prejudice. Finding insufficient evidence in the record, the dismissal was "treated as and deemed a dismissal with prejudice." *Arana*, 793 S.W.2d at 225–26. In contrast, the record here reflects the second dismissal was without prejudice.

In *Ridgeway*, the parties agreed that the dismissal of the second filing of a case was voluntary, but disagreed about whether it was with or without prejudice. *Ridgeway*, 810 S.W.2d at 353. The court order for dismissal did not specify. The appellate court noted the requirement of Rule 67.03 that any voluntary dismissal, other than one which the party is entitled to take without prejudice, shall be with prejudice unless the court in its order for dismissal shall otherwise specify. *Id.* Here, the trial court specified the second dismissal was without prejudice.

Similarly, *North Port Dev. Co.* involved voluntary dismissals which were not specified to be either with or without prejudice, and were therefore found to be with prejudice under Rule 67.01. *North Port Dev. Co.*, 763 S.W.2d at 685–86. In each of these three cases cited by husband, the issue involved the effect of judgments where the dismissal was not specified to be with or without prejudice.

Here, the judgment on its face provided the dismissal was without prejudice. Husband is improperly attempting to collaterally attack whether the second judgment of dismissal should have been without prejudice.

The trial court had jurisdiction in the third action, and its orders pendente lite were not an abuse of discretion and did not erroneously declare or apply the law.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.