SHERRI B. SULLIVAN, J.
*913 Introduction
M.W. (Appellant) appeals from the trial court's summary judgments in favor of S.W. and W.M. We affirm in part and reverse in part.[1]
Factual and Procedural Background
Appellant and S.W. were married on August 17, 1991. In 2000, S.W. gave birth to twins of which Appellant is the biological father. In 2001, S.W. gave birth to a second set of twins of which Appellant is not the biological father. Appellant only discovered he was not the father of the second set of twins approximately ten years after their birth, after a series of events beginning with W.M. leaving a letter in Appellant's mailbox confessing to a lengthy affair with S.W. and his suspicions the second set of twins were his. Appellant confronted S.W., who admitted to the affair. At this point, no one knew for certain who the biological father of the twins was.
In early 2011, after receipt of W.M.'s letter, Appellant ordered a paternity test on the second set of twins, which determined he was not their biological father. A test determined W.M. was their biological father. Appellant and S.W. filed a petition for adoption of the twins, in which W.M. intervened and consented. On July 12, 2011, the judgment of adoption of the twins by Appellant and S.W. was entered.
On May 14, 2012, S.W., as petitioner, filed a petition for dissolution of marriage against Appellant, as respondent, in St. Charles County Circuit Court. Appellant filed a six-count petition for damages in the pending dissolution proceeding, Count I alleging fraud against S.W.; Count II alleging conspiracy to commit fraud against S.W. and W.M., jointly and severally; Count III alleging negligence against S.W.; Count IV alleging unjust enrichment/constructive trust against the Law Offices of [S.W.], LLC; Count V alleging deceptive practices/violation of Missouri Merchandising Practices Act (MMPA) against the Law Offices of [S.W.], LLC; and Count VI alleging violation of Alienation of Affections Act against W.M.[2] St. Charles County Circuit Court Judge Terry Cundiff stated he would not entertain any claims based on marital misconduct, so Appellant withdrew his petition and filed it in St. Louis County.
Appellant's six-count petition for damages against S.W., Law Offices of [S.W.], and W.M. filed in St. Louis County Circuit Court, 13SL-CC03151, alleged fraud; conspiracy; negligence; unjust enrichment/constructive trust; and deceptive practices/violation of MMPA, as in his original withdrawn petition; but in Count VI alleged a claim for restitution of necessities against W.M. instead of alienation of *914 affections.[3]
The bifurcated dissolution proceeding in St. Charles County Circuit Court took place on January 3, 2014, and December 10, 2014. Appellant dismissed his case No. 13SL-CC03151 in St. Louis County petition voluntarily without prejudice on February 24, 2015; said dismissal was signed "So Ordered" by the Honorable Colleen Dolan. On February 5, 2016, Appellant filed the case sub judice No. 16SL-CC00394 in St. Louis County Circuit Court. This five-count petition for damages alleges fraud in Count I against S.W.; conspiracy to commit fraud in Count II against S.W. and W.M., jointly and severally; negligence in Count III against S.W.; restitution of necessities in Count IV against W.M.; and spoliation of evidence against S.W. and W.M. in Count V. S.W. and W.M. filed separate answers to the respective claims asserted by Appellant against each of them.
W.M. filed a motion for summary judgment on the claims against him, accompanied by a 19-paragraph statement of uncontroverted facts and one exhibit, the deposition of Appellant. Appellant responded to W.M.'s statement of uncontroverted facts and filed a memorandum in opposition, 10 exhibits, and a statement of additional uncontroverted facts.
S.W. filed a motion for summary judgment on the claims against her, along with four exhibits, her statement of uncontroverted facts, and a memorandum in support. Appellant filed a memo in opposition to S.W.'s motion, alleging the claims within were affirmative defenses she had not asserted.
The trial court heard and granted W.M.'s motion for summary judgment without specifying grounds therefor.
With leave of court, S.W. filed an amended answer to include the affirmative defenses outlined in Appellant's response and an amended 20-paragraph statement of uncontroverted facts along with eight exhibits in support.
The trial court granted S.W.'s motion for summary judgment without specifying grounds therefor. This appeal follows. Further facts will be offered as necessary to the resolution of the points on appeal.
Points on Appeal
In his first point, Appellant contends the trial court erred in granting summary judgment on his claims of conspiracy to commit fraud and restitution of necessities against W.M. for insufficient evidence because W.M. did not respond to Appellant's additional statement of uncontroverted material facts, thus admitting them and thereby establishing the missing factual basis for Appellant's claims. Appellant also suggests the doctrine of spoliation of evidence further precludes summary judgment.
In his second point, Appellant asserts the trial court erred in granting summary judgment on his claims against S.W. as barred for being brought and voluntarily dismissed twice without stipulation or judicial approval under Rules 67.01 and 67.02 because Appellant obtained leave of court for the second dismissal. Appellant further argues his tort claims against S.W. are not barred by merger into the dissolution action.
Standard of Review
On appeal, an appellate court reviews summary judgment de novo.
*915 ITT Commer cial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper when the movant shows a right to judgment flowing from facts about which there is no genuine dispute. Id. at 378. A genuine dispute exists when the issue, or dispute, is a real and substantial one; one consisting not merely of conjecture, theory, and possibilities. Id. Evidence in the record is viewed in the light most favorable to the party against whom judgment was entered with the benefit of all reasonable inferences from the record. Id. at 376.
Where a trial court has granted summary judgment without specifying the basis upon which the motion was granted, this court will affirm the grant of summary judgment under any appropriate theory. Central Missouri Elec. Co-op. v. Balke, 119 S.W.3d 627, 635 (Mo. App. W.D. 2003). A trial court's order is presumed to have based its decision on the grounds specified in the motion if the trial court's order does not set forth its reasoning. Id.
Discussion
Summary Judgment on Claims Against W.M.
The claims asserted against W.M. are conspiracy to commit fraud, restitution of necessities, and spoliation of evidence. With regard to conspiracy to commit fraud, Appellant alleges W.M. and S.W. reached a mutual agreement to conceal the paternity of the twins; concealed the paternity of the children from 2002 until 2010; agreed to conceal the paternity to injure Appellant and avoid liability; and as a result Appellant was damaged.
The elements that must be established under a claim of conspiracy are: 1) two or more persons; 2) with an unlawful objective; 3) after a meeting of the minds; 4) committed at least one act in furtherance of the conspiracy; and 5) plaintiff was thereby damaged. Misischia v. St. John's Mercy Med. Center, 30 S.W.3d 848, 864 (Mo. App. E.D. 2000). There can be no cause of action for conspiracy in the absence of an underlying wrongful act or tort. Id. If the underlying tort claim fails to state a cause of action, then a claim of conspiracy based on that tort claim will not stand. Id.
The underlying tort claim Appellant asserts is fraud, but Appellant did not allege a claim of fraud against W.M. The elements of fraud include (1) a representation by the defendant that is false, (2) the plaintiff's reliance on the truth of the representation, (3) the plaintiff's right to rely on the truth of the representation, and (4) injury to the plaintiff proximately caused by the reliance. Next Day Motor Freight, Inc. v. Hirst, 950 S.W.2d 676, 679 (Mo. App. E.D. 1997). A civil conspiracy does not give rise to a civil action unless something is done pursuant to which, absent the conspiracy, would create a right of action against one of the defendants, if sued alone. Gettings v. Farr, 41 S.W.3d 539, 541-42 (Mo. App. E.D. 2001). Appellant alleges concealment of paternity as the fraud in which W.M. conspired. However, W.M. never made any false representations to Appellant about the twins' parentage nor did he know of their parentage until the paternity testing was done. Appellant cannot sustain a claim against W.M. for conspiracy to commit fraud against him by concealing the twins' parentage from him.
Appellant alleges that from the time of the twins' birth until the date he *916 adopted them, he provided their necessities in the amount of $100,000 per child; W.M. as the twins' biological father was obligated to provide these necessities, but did not; and Appellant was damaged in said amount. A man has a duty to support his minor children in accordance with his means and in the event he does not supply such necessities, he is liable to one who furnishes them unless furnished gratuitously. McNulty v. Heitman, 600 S.W.2d 168, 171 (Mo. App. E.D. 1980), superseded by statute on other grounds in Schulze By and Through Schulze v. Haile, 840 S.W.2d 263, 266 (Mo. App. W.D. 1992).[4] See also Smith v. Smith, 300 S.W.2d 275 (Mo. App. 1957). Here, Appellant furnished the twins' necessities gratuitously as supported by his sworn testimony in the record that he would have adopted the minor children at the time of their birth even if he had known he was not the biological father. In his deposition, Appellant stated as follows when being questioned by W.M.'s counsel:
Q. When they were born in 2001, even had you known that [W.M.] was the biological father, you would have adopted them and made them your own even at that point even though maybe you might not have stayed married to your wife?
A. Yes. I was excited to have more kids.
Appellant's furnishing of the twins' necessities gratuitously defeats his claim for restitution. McNulty, 600 S.W.2d at 171.
Appellant asserts a claim for spoliation of evidence in Count V, the last of his three claims against W.M. Spoliation is a doctrine of evidence whereby Appellant must show W.M. intentionally or fraudulently destroyed or discarded evidence. The doctrine of spoliation is a harsh rule of evidence. Schneider v. G. Guilliams, Inc., 976 S.W.2d 522, 527 (Mo. App. E.D. 1998). Prior to applying it in any given case it should be the burden of the party seeking its benefit to make a prima facie showing that the opponent destroyed the missing evidence under circumstances manifesting fraud, deceit, or bad faith. Id. Here, not only has Appellant not specified what the evidence was and its significance, but he has failed to show W.M. intentionally destroyed it. Appellant contends merely that "a lot of evidence has been destroyed ... W.M. ... was an equal destroyer of evidence." Appellant fails to state what evidence he asserts was destroyed by W.M. and what this evidence would prove. The party seeking to invoke the doctrine bears the burden of making a prima facie showing of the spoliator's fraudulent intent. Pisoni v. Steak 'N Shake Operations, Inc., 468 S.W.3d 922, 926 (Mo. App. E.D. 2015). If the trial court finds spoliation of evidence occurred and grants a party relief, the "spoliation doctrine" provides the trial court may grant an adverse evidentiary inference in favor of the opposing party as a remedy. Id. Appellant admitted he did not know what the evidence was. Appellant only offers up mere speculation that evidence was destroyed. Such speculation does not constitute evidence with a sufficient foundation to substantiate any of Appellant's claims.
Based on the foregoing, W.M. is entitled to judgment as a matter of law on the merits of Appellant's claims against him. Summary judgment in his favor was proper. Point I is denied.
*917 Summary Judgment on Claims Against S.W.
The claims asserted against S.W. are fraud, conspiracy to commit fraud, negligence, and spoliation of evidence. In her motion for summary judgment, S.W. argues Appellant's claims against her are barred by Rule 67.02 because he filed then dismissed them voluntarily and without prejudice twice, the second time without order of the court, and thus this third time (the case sub judice ) is barred. S.W. also argues Appellant's claims against her are barred by res judicata because he should have brought them in their dissolution proceeding or other prior proceeding but did not. We disagree with both of S.W.'s bases for summary judgment, for the following reasons.
Rule 67.02 provides for a voluntary dismissal, "Voluntary Dismissal-Effect of":
(a) Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime:
(1) Prior to the swearing of the jury panel for the voir dire examination, or
(2) In cases tried without a jury, prior to the introduction of evidence at the trial.
A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:
(1) Upon filing a stipulation to that effect signed by the opposing party, or
(2) On order of the court made on motion in which the ground for dismissal shall be set forth.
(Emphasis added.)
S.W. claims Appellant first asserted his claims against her as "Count II of his Amended Counter-Petition for Dissolution of Marriage in late 2012" and then filed a voluntary dismissal of them. However, the documents she refers to in support of these allegations are Appellant's "Petition for Damages" filed by Appellant on August 16, 2013; and withdrawn by his memorandum titled "Respondent's Memorandum Withdrawing the Proposed Petition for Damages which was Filed on August 26, 2013" and stating:
COMES NOW, Respondent, by and through counsel, and hereby withdraws the proposed Petition for Damages which was filed on August 16, 2013. Respondent's Motion to Transfer Venue is moot as a result of withdrawing the petition for damages.
In his response to her motion for summary judgment, Appellant supplies the affidavit of his attorney which states, in pertinent part, "The Honorable Terry Cundiff was the judge assigned to the dissolution case. Judge Cundiff indicated that he was not going to consider marital misconduct in the dissolution action in the division of property, so it was irrelevant which claims went first, the dissolution action or the tort claims." He goes on to state, "On September 11, 2013, I withdrew the proposed Petition for Damages because the Petition had been filed in the Circuit Court of St. Louis County on September 10, 2013, in case number 13SL-CC03151."
The documentation S.W. cites does not lend support to her allegations in her summary judgment motion. A summary judgment motion which fails to specifically reference supporting documentation is defective. Hanna v. Darr, 154 S.W.3d 2, 5 (Mo. App. E.D. 2004).
Appellant presented evidence, as hereinbefore set forth, that in St. Charles County, *918 where he presented his Petition for Damages, Judge Cundiff explicitly declined to entertain the tort claims within concerning marital misconduct. Appellant supported this allegation and statement of fact via his attorney's affidavit, which was uncontradicted by S.W. Because Judge Cundiff did not want to hear the claims in Appellant's petition, Appellant withdrew the proposed petition from the court's consideration on September 11, 2013. As documentary support for his response to S.W.'s allegations, Appellant supplied the Petition for Damages; the memorandum of withdrawal; and his attorney's affidavit based on personal knowledge of wherein and why he submitted and withdrew the Petition for Damages. S.W. did not attach or reference a voluntary dismissal as supporting documentation for her allegation.
Appellant gave a sworn statement he did not serve the proposed Petition for Damages on the other parties as a pleading and S.W. provided no evidence to dispute that fact. Appellant also maintains there was no voluntary dismissal of the proposed Petition for Damages, and S.W. provided no contradictory evidence in the record.
After withdrawing his petition in St. Charles County, Appellant filed his six-count Petition for Damages in St. Louis County Circuit Court on September 10, 2013, case No. 13SL-CC03151. The claims remained pending in St. Louis County Circuit Court through the duration of the St. Charles Circuit Court bifurcated dissolution of marriage proceedings, surviving a motion by S.W. for a judgment on the pleadings, which was denied by Judge Colleen Dolan.
After the dissolution proceedings concluded and finalized in St. Charles County, Appellant moved to voluntarily dismiss his claims without prejudice in case No. 13SL-CC03151 in St. Louis County. Appellant's dismissal memorandum in this action specifically stated the dismissal was "without prejudice" and was approved and ordered by St. Louis County Circuit Judge Dolan. Appellant set this forth as an undisputed fact and cited to it and made it part of the summary judgment record. S.W. did not challenge the dismissal without prejudice in case No. 13SL-CC03151 during the pendency of that action, but claimed in her summary judgment motion in the proceedings below that it should be deemed to be with prejudice and thus res judicata of Appellant's claims against her because there was no stipulation filed by her that the dismissal was without prejudice, and no order of the court made on motion in which the grounds for dismissal were set forth pursuant to Rule 67.02.[5]
This is an impermissible collateral attack on Judge Dolan's judgment because S.W. did not object to Appellant's voluntary dismissal without prejudice as violating Rule 67.02 in that action or seek to vacate or modify Judge Dolan's judgment of dismissal without prejudice in that action. Further, S.W. did not appeal the ruling. " 'Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack.' " Reimer v. Hayes, 365 S.W.3d 280, 283 (Mo. App. W.D. 2012), quoting Barry, Inc. v. Falk, 217 S.W.3d 317, 320 (Mo. App. W.D. 2007)
*919 (further citations and internal quotation marks omitted). A judgment rendered by a court having jurisdiction of the parties and subject matter is not open to collateral attack in respect of its validity or conclusiveness of the matters adjudicated. Reimer, 365 S.W.3d at 283. Here, S.W. did not present the issue of the propriety of the dismissal without prejudice to the trial court in that action nor did she appeal it, but waited until the instant action to assert to Judge Ellen Ribaudo that Judge Dolan's dismissal should be "deemed" to have been with prejudice. S.W.'s argument is an improper attempt to collaterally attack Judge Dolan's dismissal without prejudice. Liberman v. Liberman, 863 S.W.2d 364, 366 (Mo. App. E.D. 1993).[6] A judgment of dismissal is not subject to collateral attack. Id. A collateral attack is an attempt to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment. Id., citing Beil v. Gaertner, 355 Mo. 617, 197 S.W.2d 611, 613 (1946). Here, Judge Dolan's judgment on its face provided the dismissal was without prejudice. S.W. is improperly attempting to collaterally attack the judgment of dismissal without prejudice, and such an attack could not serve as the basis for summary judgment in her favor in the proceeding below.
We likewise find unpersuasive S.W.'s assessment of Appellant's claims as barred because he could have brought them in the dissolution proceedings. As Appellant's counsel stated in his sworn affidavit, Judge Cundiff stated he would not consider tort claims concerning issues of marital misconduct in the dissolution proceeding, and S.W. has not controverted this fact.
In summary, while we find W.M. rightly prevailed in his summary judgment motion challenging Appellant's claims against him on their merits, S.W.'s summary judgment motion fails because it was thinly based on faulty procedural bar reasoning. Appellant's claims against S.W. are not barred by res judicata due to successive dismissals because the second one specified on its face it was without prejudice by order of the court. Appellant's dismissal memorandum in the second action specifically stated the dismissal was "without prejudice" and was approved and ordered by the trial court. Liberman, 863 S.W.2d at 366. S.W. did not present the issue of the propriety of the dismissal without prejudice to the trial court in that action by objecting to Appellant's dismissal as violating Rule 67.02, or seek to vacate or modify the court's judgment of dismissal without prejudice in that action. Id. Therefore, the trial court erred in granting summary judgment to S.W. on this basis because it was an impermissible collateral attack on the propriety of the dismissal without prejudice. Id. The trial court likewise erred in granting S.W. summary judgment based upon collateral estoppel or merger and bar based on claims that "should have been" brought in prior proceedings. Appellant's Point II is granted.
Conclusion
The trial court's summary judgment in favor of W.M. is affirmed. The trial court's summary judgment in favor of S.W. is reversed.
Robert G. Dowd, Jr., P.J., and Kurt S. Odenwald, J., concur.

S.W.'s motion to dismiss this appeal for failure to comply with Mo. R. Civ. P. 84.04 is denied. As a matter of policy, the Court prefers to decide cases on their merits whenever possible. Comp & Soft, Inc. v. AT & T Corp., 252 S.W.3d 189, 194 (Mo. App. E.D. 2008).

Illinois recognizes this statutory cause of action. The record indicates at some point W.M. lived and/or worked in Illinois.

Missouri abolished its previously recognized common law tort of alienation of affections in Helsel v. Noellsch, 107 S.W.3d 231 (Mo. banc 2003) (Teitelman, J.).

Prior to the Uniform Parentage Act, the line of cases regarding paternity reasoned a claim for reimbursement of past necessary expenses was not to protect the minor's rights but for the protection of the party who had expended the funds. McNulty, 600 S.W.2d at 174 ; Schulze By and Through Schulze, 840 S.W.2d at 267.

Rule 67.02 provides in pertinent part:
A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:
(1) Upon filing a stipulation to that effect signed by the opposing party, or
(2) On order of the court made on motion in which the ground for dismissal shall be set forth.

Liberman is a 1993 case, so its discussion of what is now contained in Rule 67.02 is referred to as being in Rule 67.01. A 1993 amendment changed the denomination of the rule to 67.02, effective Jan. 1, 1994.